# Rogers, &c. *vs* Hall.

### ERROR TO THE CLAY CIRCUIT.

### *Justices Courts. Pleading.*

TRESPASS.

*Case* 96.

JUDGE SIMPSON delivered the opinion of the Court.

*July* 30.

Case stated.

This is an action of trespass, brought by Hall against the plaintiff in error, for a sorrel mare.

A plea was filed alledging a judgment against Hall before a Justice of the Peace, an execution on the judgment, a levy of the same by the proper officer on the property sued for, and a sale thereof, to satisfy the execution, which is avered to be the same trespass complained of in the plaintiff's declaration.

The persons sued, are the plaintiff in the execution and the magistrate who gave the judgment.

To this plea filed by the defendants, a replication was put in, stating that the judgment upon which the execution issued was entered up by the Justice out of term time, and in vacation, and therefore did not justify the act of taking and selling the plaintiff's property.

The defendants then rejoined, that the judgment was entered, and the execution issued thereon by the consent of the plaintiff.

To this rejoinder a demurrer was filed, and sustained. Whether the Court was right in sustaining this demurrer, is the only question that it is necessary to notice.

The act regulating the time of holding Justices' Courts, (*Session Acts*, 1842–3, 78,) although it provides that their Courts shall be held for the trial of civil suits, once in every three months, at such time in the months therein named, as the Justices may designate, yet it does not deprive them, in all cases, of the power to adjudicate in vacation, but expressly empowers them, in a class of cases mentioned in the fourth and twelfth sections of the act, to hold their Court, and try such cases without regard to the time prescribed for holding their terms.

*Justices of the Peace may hold Courts and adjudicate at other times than at their quarterly Courts, in the cases mentioned in the 4th and 12th sections, (Ses. Acts. 78.)*

It is declared in the twelfth section of the act, that when any plaintiff shall make oath, that he verily believes the defendant will remove his or her property out of this State, or otherwise dispose of the same so that execution cannot be made after judgment, unless the same shall be obtained before the ordinary trial day, it shall be lawful for the Justice to hear the case as soon as may be, according to the circumstances.

Inasmuch, therefore, as they may, upon a proper case having been made out, proceed to hear and determine civil cases out of term time, no reason is perceived why the defendant may not waive the formality of an affidavit by the plaintiff and consent to a trial forthwith. The regulation requiring Justices of the Peace to hold stated quarterly terms, is evidently intended for the benefit of the defendant. It is an advantage he may surrender if he choose. It is one that he cannot retain for the purpose of defeating the collection of the plaintiff's demand. If he consent to a trial before the regular time, an implication arises, that it was done to withhold the plaintiff from presenting a state of case that would entitle him to an immediate trial, and the consent should have the effect of authorizing the Justice to proceed, just as if such a state of case had been fully made out.

*If a Justice does hear civil causes at other times than at his quarterly terms, it may be shown that he did so under a state of case warranted by the statute.*

It results, therefore, that the rejoinder made by the defendants to the plaintiff's replication, was good and sufficient, and the Court erred in sustaining the demurrer to it.

Wherefore, the judgment is reversed and cause re-manded, with directions to overrule said demurrer, and for further proceedings consistent with this opinion.

B. & A. Monroe for plaintiff; B. Y. Owsley for defendant.