JOHN H. RICE *v.* C. J. LOCKE.

1. JUSTICE OF THE PEACE. *Jurisdiction. Trial in vacation. Waiver.*
    After the defendant has contested the plaintiff's demand successfully before a justice of the peace, and unsuccessfully in the Circuit Court, his motion to quash the execution from the latter court, upon the ground that the justice's judgment was void because the trial before him was in vacation, is not entitled to favor.

2. SAME. *Excess in exercise of powers. Absence of parties.*
    Judgments rendered by justices of the peace in vacation are void, if given in the absence of parties, and under circumstances excluding the idea of the rightful exercise of their judicial authority.

3. SAME. *Recess from day to day. Judgment in vacation.*
    Justices may, however, continue their courts from day to day as business requires, and may, under certain circumstances, have the parties brought before them at any reasonable time, and a trial and judgment, otherwise regular, is valid although in vacation by consent.

4. SAME. *Consent as to jurisdiction.*
    Consent of parties will not confer jurisdiction on a Justice's Court where none exists, but will bind the parties, if the thing consented to could lawfully be done by the court under any circumstances without consent.

APPEAL from the Circuit Court of Panola County.
Hon. SAM POWEL, Judge.

An account against the appellant was filed before a justice of the peace on Oct. 9, 1880, by the appellee, and summons was

served personally the same day. After reciting these facts, the record of the Justice's Court proceeds, as follows: " This cause was continued upon application of the plaintiff till Friday, Oct. 22, 1880, this Oct. 14, 1880. Judgment: At the last regular term of this court, held and begun on Oct. 14, 1880, this cause having been upon application of the plaintiff continued to this a special day in vacation, now, then, this day came on the same to be heard, and thereupon came the plaintiff and defendant in person and by attorney, and the case being submitted to the court without jury, and the court being fully advised in the premises, it is therefore considered by the court and ordered and adjudged that the defendant do have and recover of the plaintiff the costs in this behalf expended, and that the plaintiff have nothing, this Oct. 22, 1880." On appeal, the plaintiff obtained judgment after a trial in the Circuit Court, and an execution was issued, which the defendant moved, unsuccessfully, to quash, upon the ground that the justice of the peace had no jurisdiction to render judgment in vacation, and that, consequently, the appeal and all subsequent proceedings were void.

*W. D. Miller*, for the appellant.

In this case the Circuit Court had no jurisdiction except by virtue of an appeal, and, as the judgment in the Justice's Court was void, there could be no valid appeal. *Hill* v. *State*, 1 Ala. 559. Justices' Courts have regular terms. Code 1871, § 1309. Trial and judgment in vacation is a nullity, which consent cannot cure. The entire superstructure built on this supposed judgment is void. *Wicks* v. *Ludwig*, 9 Cal. 173 ; *Norwood* v. *Kenfield*, 34 Cal. 329 ; *Bates* v. *Gage*, 40 Cal. 183 ; *Doss* v. *Waggoner*, 3 Texas, 515 ; *Wightman* v. *Karsner*, 20 Ala. 446 ; *Goodsell* v. *Boynton*, 1 Scam. (Ill.) 555 ; *Filley* v. *Cody*, 4 Col. 109 ; *State* v. *Judge*, 13 La. An. 483 ; *State* v. *Judge*, 26 La. An. 119.; *Dodge* v. *Coffin*, 15 Kansas, 277.

*Oglesby & Taylor*, for the appellee.

The Justice's Court had jurisdiction of the parties and the subject-matter, and its judgment was valid. The terms of these courts are not limited. Code 1880, § 2194. Possessing the power, the court set the trial for a future day. *Stevens* v. *Mangum*, 27 Miss. 481 ; Freeman on Judgments,

§§ 90, 121. Recital that it was "in vacation" is an error which does not vitiate the judgment. *Roberts* v. *Weiler*, 52 Miss. 299 ; *Capitol State Bank* v. *Lane*, 52 Miss. 677 ; *Yandell* v. *Pugh*, 53 Miss. 295 ; Freeman on Judgments, §. 53. The judgment of the Circuit Court, which had jurisdiction of the parties by appearance and trial, is conclusive. *Lane* v. *Wheless*, 46 Miss. 666 ; *Moore* v. *Ware*, 51 Miss. 206 ; *Cotten* v. *McGehee*, 54 Miss. 621 ; *Kramer* v. *Holster*, 55 Miss. 243 ; Freeman on Judgments, § 96. After two hearings upon the merits, the appellant now seeks to defeat a recovery, but not to have a just disposition made of the case, and he is entitled to no favor. *Lane* v. *Wheless*, 46 Miss. 666 ; Freeman on Judgments, §§ 96, 102.

CAMPBELL, J., delivered the opinion of the court.

We recognize the fact that a judge is not a court, and that he cannot perform judicial acts in vacation except as authorized by law, and that a judgment not authorized by law is a nullity ; but there is a broad distinction between the cases cited by counsel and the case at bar. In those cases judgments were given at a time not authorized by law. The law prescribed a time for holding court, and limited it, and it was held that a court could not be held except as prescribed by law, and that all that was done by the officers not constituting a court, because illegally assembled, was void. We assent to this. Justices of the peace are required to hold regular terms of their courts, at such times as they may appoint, not exceeding two terms in a month, and they may continue to hold their courts from day to day so long as business may require, which may be from one court to another (Code, § 2194) ; and " any court may take a recess to any day within the time during which it may be held." Code 1880, § 2265. This authorized the course taken by the justice of the peace in this case, so far as we can tell from the record.

The case stood for trial on the fourteenth of the month, and the trial was set for the twenty-second of the month, at which time both parties appeared, and the case was tried, and a judgment was rendered in favor of the defendant by the justice of the peace. An appeal was taken to the Circuit Court, where

a trial was had *de novo*, without any question of the validity of the judgment of the justice of the peace, and a judgment was rendered against the defendant, who now seeks to have the judgment vacated on the ground that the trial before the justice of the peace was a nullity, and could not be the foundation of an appeal to the Circuit Court. The record does not negative the fact that the justice may have had business requiring a continuation of his court from day to day after the fourteenth of the month. His court might have been held from one court or term to another, and he might have taken a recess to any day within this time for the trial of a case by consent. That he called it "in vacation" amounts to nothing. A day was set for the trial of the case. The parties appeared, and the case was tried, and judgment given. The statute (Code, § 2194) gives a justice of the peace the right, in certain conditions, "to have the parties brought before him at any reasonable time, and hear the evidence and give judgment." We do not know that these conditions did not exist in this case.

The Court of Appeals of Kentucky, under a statute like ours, said: "Inasmuch, therefore, as they [justices of the peace] may, upon a proper case having been made out, proceed to hear and determine civil cases out of term time, no reason is perceived why the defendant may not waive the formality of an affidavit by the plaintiff, and consent to a trial forthwith. The regulation requiring justices of the peace to hold stated quarterly terms is evidently intended for the benefit of the defendant. It is an advantage he may surrender if he choose. It is one that he cannot retain for the purpose of defeating the collection of the plaintiff's demand. If he consent to a trial before the regular time, an implication arises that it was done to withhold the plaintiff from presenting a state of case that would entitle him to an immediate trial, and the consent should have the effect of authorizing the justice to proceed just as if such a state of case had been fully made out." *Rogers v. Hall,* 7 B. Mon. 349. In *Stoddard v. Holmes,* 1 Cowen, 245, it was held that an agreement of the parties that the case should be tried before the justice of the peace on a certain day, when it would not otherwise have been triable, and the appear-

ance of the parties and a trial in pursuance of the agreement, made the judgment valid as to the party thus consenting; but that the judgment was void as to a party who did not consent to the trial nor attend it.    The distinction seems to be that consent cannot confer jurisdiction which the court could not acquire without such consent, but that parties may waive any right they have, and are bound thereby, if the thing was what the court could under any circumstances lawfully do without consent.    There is a wide difference between conferring jurisdiction by consent of parties, and consenting to something within the power of the court, and promotive of the convenience of parties.

We would not uphold a judgment given in vacation by a justice of the peace in the absence of parties, and under circumstances excluding the idea of the rightful exercise of his judicial authority.    It is certainly true that, ordinarily, the judgments of justices of the peace must be given at a term of court held by them, and that it is not allowable for them to render judgments in vacation in civil cases, but we fail to perceive any objection to the postponement of the trial of a cause to a day fixed, in the presence and hearing of parties and with their consent, and then to try the case and give judgment; and after a party appears and contests with his adversary before the justice, and obtains judgment, and, on an appeal to the Circuit Court, he appears there, and contests with the opposite party without ever having made an objection to the procedure, his subsequent complaint, as to the time when his case was tried by the justice of the peace, is not entitled to be regarded with favor.

*Judgment affirmed.*