## S. M. Brown v. Nathan Ashford.

1. Unlawful Detainer.  *Duplicity in complaint.  Amendment.*
   In a proceeding under chap. 19 of the Code of 1871, "in relation to unlawful and forcible entry and unlawful detainer," the plaintiff's complaint is not objectionable for duplicity where it alleges that the defendant has "unlawfully turned him out of, and unlawfully withheld from him, the possession of a certain tenement," etc.; but if it was defective in this respect, it should have been amended in the court below.

2. Same.  *Dismissal in Circuit Court.  Defective summons.*
   Where a proceeding under chap. 19 of the Code of 1871 has been appealed to the Circuit Court by the defendant, it is error for the court to dismiss the case for any defect in the summons; but a summons, in such case, is not defective because it does not state that the place at which the defendant is required to appear is "the usual place of holding the Justice's Court in the district."

3. Same.  *Organization of Justice's Court.  Defect of record.  Objection thereto.*
   A defendant in a proceeding under chap. 19 of the Code of 1871, having appealed to the Circuit Court, cannot there avail of the failure of the record to show the formal organization of the court of justices on the return-day of the summons, as the case is to be tried in the Circuit Court "anew on it merits."

Error to the Circuit Court of Choctaw County.

Hon. William Cothran, Judge.

S. M. Brown brought an action against Nathan Ashford, before a justice of the peace, to obtain the possession of a certain tract of land.   The plaintiff alleged, in his affidavit of complaint, that the defendant had " unlawfully turned him out of, and unlawfully withheld from him, the possession of a certain tenement," etc.   The summons did not state that the place at which the defendant was required to appear was " the usual place of holding the Justice's Court in the district."   The record does not show that the justice who issued the writ, and those summoned to participate in the trial, met on the return-day, at the place appointed for the defendant's appearance, and organized a court; but does show that on the return-day a partial investigation of the case was had, at some place not named, and that the case was continued by agreement of the parties, and that, on the day to which the trial was adjourned, a judgment was rendered in favor of the plaintiff by three justices of

the peace. The defendant appealed to the Circuit Court, and there the case was dismissed upon a motion by him, based on the following grounds : 1. The complaint is double, and is not notice to the defendant of the cause of action. 2. The summons does not state that the court is to be held at the usual place of holding court in the justices' district. 3. The record does not show that any two justices met on the return-day, at the place appointed, and organized a court. There were two other grounds of the motion, but it is unnecessary to recite them.

*Nugent & Mc Willie,* for the plaintiff in error.

1. The complaint is not defective on account of duplicity ; but if it was, the plaintiff had the right to amend it. *The State* v. *Brown & Johnston,* 5 Geo. 688 ; Code 1871, sect. 621.

2. The statute does not require the summons, in cases like this, to state that the place named for the appearance of the defendant is the usual place of holding the court. Code 1871, sect. 1584.

3. The record shows that the case was continued on the return-day by consent of the parties. The justices were summoned to attend at a particular place, and, in the absence of proof, it will be presumed that the trial was had at that place. But the Circuit Court had jurisdiction by the defendant's appeal, and the statute required the cause to be tried " anew on its merits." Code 1871, sect. 1594.

4. The other grounds of the motion for dismissal were frivolous.

*D. B. Archer* and *J. P. Allen,* for the defendant in error.

The court provided by statute to try suits of the character of this one is a court of special and limited jurisdiction, with certain defined powers. Code 1871, sects. 1583–1590 ; 50 Miss. 223. Every thing material to the proper organization of such court — as, the names of the justices, the place where convened, and the day — must affirmatively appear by the record, in order to establish its jurisdiction. In this respect the record in this case is totally defective. Such defect cannot

be supplied by parol evidence. 44 Miss. 606 ; 1 Smed. & M. 351 ; 8 Geo. 17 ; 12 Smed. & M. 690.

*J. B. H. Hemingway*, on the same side.

CAMPBELL, J., delivered the opinion of the court.

There is no merit in the motion in the Circuit Court to dismiss the cause, and it should have been overruled.

1. If the affidavit was defective, it should have been amended ; but we fail to discover any objection to it.

2. If the summons issued by the justice of the peace was defective, that was no cause for dismissing the action in the Circuit Court ; but we are unable to find any defect in the summons.

3. The failure of the transcript of the proceedings before the justices of the peace to show the formal organization of the court on the return-day of the summons, could not avail the defendant on appeal in the Circuit Court, where the case was to be tried " anew on its merits," and not on the formality and precision of the proceedings before the justices. Code, sect. 1594.

The two other grounds of the motion are disproved by the record.

Judgment reversed and case remanded, to be reinstated on the docket of the Circuit Court and tried anew on its merits.