## A. G. McLemore et al. *v.* R. W. Scales.

1. Tax-title. *Unlawful detainer. Code* 1880, § 538.

   Section 538, code 1880, providing for an action of unlawful detainer by a purchaser of lands at any sale for taxes, and making a judgment in his favor therein, after a lapse of one year, a bar to any action to controvert the title, applies alike to all sales of land for taxes, and precludes controversy, whatever may be the ground for assailing the title.

2. Same. *Taxes paid before sale. Tax-title not affected.*

   Accordingly, after one year from such a recovery in an action of unlawful detainer, the title acquired at the tax sale cannot be invalidated by proof that the taxes for which the lands were sold had been paid before the sale.

3. Unlawful Detainer. *Jurisdiction. Code* 1880, § 2651. *Judgment. Waiver.*

   If a defendant, summoned in unlawful detainer, appears on the return day at the office of the justice of the peace who issued the warrant, and in the absence of another justice the case is postponed to a future day with the concurrence of defendant, who appears again on the day appointed, and the justice, sitting with another, proceeds to render judgment for plaintiff, without objection from defendant, it will be valid, notwithstanding § 2651, code 1880, provides that justices shall meet on the *day specified in the warrant,* and organize a special court and proceed to trial. The appearance of the defendant cures any irregularity as to time.

From the circuit court of Leflore county.

Hon. J. B. Chrisman, Judge.

This suit in ejectment was instituted April 5, 1888, by A. G. McLemore, Mary A., M. F. and T. De Graffenreid against appellee, to recover possession of 160 acres of land. Plaintiffs, except McLemore, are children and heirs of one M. T. De Graffenreid, the original owner and patentee of the land, who died leaving eleven children. McLemore has obtained the title of all the heirs except his co-plaintiffs.

Defendant relies upon the tax collector's deed to one Gardner and himself, their subsequent recovery of the land in an action of unlawful detainer and the conveyance to himself by Gardner of his one-half interest. The land was sold in March, 1884, for the taxes of 1883, and purchased by Gardner and Scales. On March 25, 1885, they instituted an action of unlawful detainer against one Bowles, who was in possession as tenant of De Graffenreid. A warrant for the defendant Bowles was issued and served, returnable April 4, 1885, on which day he appeared at the office of the justice of the peace who issued the warrant, but there being no other justice present the cause was postponed to a day one week later. The defendant made no objection to this course, but on the day appointed he again appeared, and the justice who issued the warrant having procured the attendance of another justice, the two organized the special court provided for by § 2651, code 1880, and the cause was proceeded with and judgment entered for plaintiffs, the defendant interposing no defense.

Plaintiffs objected to the introduction, on the trial of the ejectment suit, of the affidavit, warrant and proceedings in the action of unlawful detainer, because the warrant showed on its face that the return day, as originally written in it, had been changed to the date to which the trial had been postponed, and no new warrant had been issued. The objection was overruled and the record permitted to be read in evidence. Plaintiffs, however, were permitted to show, and did show by the duplicate or stub tax receipt in the sheriff's office, that the taxes for 1883, for which the land was sold, had been paid before the sale.

Appellee also defended as to ten-elevenths of the land under his purchase thereof at a commissioner's sale under a decree of the chancery court of Leflore county rendered in an attachment proceeding in that court against the ten adult heirs of M. T. De Graffenreid; but as the opinion of the court is made to turn upon the validity of the tax title, it is not deemed necessary to set out the cause in any other aspect.

It is contended on behalf of appellee that the recovery in the

action of unlawful detainer is a bar to any future assailment of the title by virtue of § 538, which is as follows :—

" The purchaser of land at a sale for taxes, after one year from the date of his purchase, and within two years from such date, and his vendee, shall be entitled to bring the action of ' unlawful detainer' for the recovery of possession of such land ; and a judgment in his favor in said action shall be a bar to any action in any court brought after one year from such judgment, to controvert the said title to said land."

By agreement, the case was tried without a jury, and the court was of the opinion that the tax-sale and the subsequent proceedings by the purchaser to recover possession were void, because the taxes had been paid before the sale, but that the title acquired by appellee at the sale under the chancery decree was valid. It therefore gave judgment for plaintiffs for one-eleventh of the land, and for defendant for ten-elevenths, and from this judgment plaintiffs have appealed, and defendant prosecutes a cross-appeal.

*J. E. Gwin,* for appellant.

Sec. 538, code 1880, can have no application to cases like this where the taxes for which the land was sold had been paid before the sale. The action of unlawful detainer is given only to a purchaser of land at a sale *for taxes.* The statute cannot apply if there were no taxes due. The delinquency is the foundation of all right of action and all claims of title. Without it, the deed and proceedings under the pretended sale are void.

The writ in the unlawful detainer suit does not correspond with the minutes of the court. The return day had been altered to conform to the day of judgment. The writ and judgment were therefore void and fraudulent on their face.

*Rush & Gardner,* for appellee.

The judgment in unlawful detainer is conclusive of the title. Code 1880, § 538. Unless there are errors in that suit that render the judgment void, it will not be subject to this collateral attack. The change in the appearance day on the writ amounts to nothing. The defendant appeared on the return day and when the cause was

continued again voluntarily appeared. As one year elapsed after the recovery in unlawful detainer before this suit was brought, the attack upon the title must fail. Accordingly, Scales is owner and should have been awarded the entire interest in the land.

CAMPBELL, J., delivered the opinion of the court.

The sale for taxes on March 3d, 1884, and the subsequent recovery in an action of unlawful detainer, in pursuance of § 538 of the code, made the title acquired by the sale and conveyance for taxes unassailable after one year from the judgment in the unlawful detainer. Even if the taxes for 1883 were paid, and therefore the land was improperly sold, the fact of a sale and conveyance, and action for possession, and success in the action, according to the section of the code cited, perfected the title, after one year, so as to preclude controversy as to the validity of the sale. The statute proceeds on the assumption that, in defense of the action brought against the owner or his tenant, every admissible ground of resistance of the plaintiff's demand will be relied on, and as such proceeding will fully inform the owner of the sale of his land for taxes, he is required to bring his action to controvert the said title within one year after judgment against him in the possessory action or forever after remain silent as to any complaint of that title. It is a statute of limitations applicable alike to all sales of land for taxes, and precluding controversy, whatever may be the ground for assailing the title claimed by virtue of the sale. It is one of several provisions of law designed to secure the rights of purchasers at sales for taxes, and thereby accomplish the double purpose to constrain owners of land to pay the taxes, and induce individuals to buy all land sold for taxes, so that the state shall not become the buyer. It should have effect according to its purpose.

This view makes it unnecessary and improper to consider any other of the many questions presented, and shows that the judgment of the circuit court should have been for the defendant there, who is cross-appellant here.

*Judgment reversed, and cause remanded, the appellee and cross-appellant, Scales, to recover of the appellants the costs of this appeal.*

*J. E. Gwin* and *Nugent & McWillie,* for appellant, McLemore, filed a lengthy suggestion of error, earnestly urging that the judgment in the action of unlawful detairer was a nullity, and cannot have the effect given to it by the court in its opinion.

The court for the trial of actions of unlawful detainer is one of statutory origin, of special and limited jurisdiction, and everything essential to the due organization of the court must affirmatively appear.     *Warren* v. *Church,* 50 Miss. 223 ; *Holt* v. *Mills,* 4 S. & M. 10 ; *Root* v. *McFerrin,* 37 Miss. 1.

In this case the warrant was returnable on a *day specified,* as required by the statute.     Code 1880, §§ 2651, 2652.     It does not appear that any other justice was summoned.     The justice who issued the warrant had no authority to take any step in the cause. If the other justices had appeared they could have organized, and then continued.     The failure to do so worked a discontinuance, and the case was at an end.     It is true, a defendant who appears cannot object afterwards to mere informalities not objected to at the time, but the decisions recognize the absolute dependence of the vitality of the proceedings on the due organization of the special court. *Brown* v. *Ashton,* 56 Miss. 677.

See also *Mason* v. *Gwin,* 8 Gratt. 58 ; *Towner* v. *Phelps,* 1 Root, 250.

This point of objection was properly reserved on the trial, and presented in the brief of the appellants, but not at any length.

Response to suggestion of error, Campbell, J., writing it :—

Although the point urged by an elaborate argument on suggestion of error was barely suggested by counsel in the submission of the case for decision, and was not urged in argument, it did not fail to receive the earnest attention of the court, which, on full consideration, and after much discussion, arrived at the conclusion that it presented no difficulty.     The facts are, that complaint was made as provided for by § 2646 of the code, and a warrant was issued, in pursuance of § 2647, and was served on the defendant, and returned, and on the return day the defendant came, but there was present only the justice who issued the warrant, and as he

could not by himself organize the court to try the case, it was postponed for a week, with the concurrence of the justice and the defendant, and at the time and place appointed the justice and another justice of the peace of the county constituted a court for the trial of the case, and the defendant appeared before this court, and judgment was given against him. Any two justices of the county might lawfully compose the court, code § 2651, and as the court had jurisdiction of the subject-matter, it was in the power of the defendant to waive a warrant or its service, and appear before the court, or consent to or acquiesce in any matter not involving the jurisdiction of the court as to the subject. It is not shown how the change of the return day of the warrant came to be made, nor is it important, since it is shown that the defendant consented, by his conduct, to the change of time for the trial of the case. If he had not appeared before the court when properly constituted with power to try the case, a very different question would have been presented, but his appearance cured any irregularity as to time.

We entertain no doubt of the soundness of this view, and failed to speak of it in the opinion delivered upon the decision of the case, because we concluded that the learned counsel, who filed a brief for the appellant, had no confidence in the suggestion, which he did not argue to support, and as our consideration led us to agree in his light estimate of it, no attention was given to it in the opinion.

*We adhere to the decision heretofore made.*