HATFIELD v. WALLACE.

1. In every case in which the action for a forcible detainer is given by the statute, the person to whom the action is given is supposed to have been in possession of the premises, and the defendant to have come into the possession under him, either immediately or mediately. A purchaser at sheriff's sale, who has never been in possession, cannot maintain this action.

2. An improvement on public lands is not subject to execution. It is not such an interest in land as is contemplated by the act regulating executions.

Appeal from the Morgan Circuit court.

*Wilson for Appellant.*

The only point in the case is, whether an improvement on public lands is subject to execution? We contend that it is, and cite Laws of Mo. 260, sec. 17; 262, sec. 59; 281, sec. 28, and 2 B. Com. 196–280. sec. 25.

*Hayden for Appellee.*

1st. That the property sold under execution was not subject to the sale, and therefore the plaintiff by the purchase obtained no right thereto.

2d. That if it were subject to sale, the record preserved was not proper for the recovery of it.

*Opinion of the Court by Tompkins, Judge.*

This action was brought by Hatfield against Wallace before a justice of the peace. The justice's judgment being for the defendant Wallace, Hatfield appealed to the Circuit court, and that court also giving its judgment for Wallace, Hatfield appealed to this court.

The action was for a forcible detainer. The facts of the case as agreed on by the parties are these: that Wallace some few years since made an improvement upon public lands in Morgan county, to which he had no claim save that of occupancy, and the value of his improvement thereon, (the land and place in controversy,) that the same was le-

vied upon by the sheriff of Morgan county by virtue of an execution against the defendant, and being sold was purchased by the plaintiff, and that the plaintiff made a demand in writing of the said land, and that it was refused. The third section of an act concerning forcible entry and detainer provides that when any person shall wilfully and without force, hold over any lands, tenements, or other possessions, after the termination of the time for which they shall have been let to him, or the person under whom he claims, or shall lawfully and peaceably obtain possession, but shall hold the same unlawfully and by force, and after demand made in writing for the deliverance of the possession thereof, by the person having the legal right to the possession, his agent or attorney, shall refuse or neglect to quit such possession, such person shall be guilty of an unlawful detainer. See page 278 of the digest of 1835.

AUGUST TERM, 1841.

Hatfield
v.
Wallace.

In every case in which the action for a forcible detainer is given by this section, the person to whom the action is given is supposed to have been in possession of the premises, and the defendant to have come into the possession under him either immediately or mediately. But it does not appear that Hatfield, the present plaintiff, ever has been in possession of the premises sued for. He purchased them at sheriff's sale. In the case of Michaud v. Walsh, administrator of Wilcox, it was decided that Wilcox, who claimed against Michaud by Michaud's own deed, was a trespasser against Michaud's possession, because he went to the house and took possession of the premises by raising a back window and entering during Michaud's absence: and Michaud recovered the possession in the action of forcible entry and detainer against Wilcox.

. If then Michaud's deed did not give Wilcox the right to take possession, the sheriff's deed could not give the plaintiff, Hatfield, right to take possession in this case, and as Wilcox could have no right to take possession from Michaud, so here Hatfield can have no right to maintain this action to get possession against the defendant Wallace.

At the last term of the supreme court, held at St. Louis in the spring of this year, it was decided that the purchaser

*In every case in which the action for a forcible detainer is given by the statute, the person to whom the action is given is supposed to have been in possession of the premises, and the defendant to have come into the possession under him, either immediately or mediately. A purchaser at sheriff's sale, who has never been in possession, cannot maintain this action.*

11

AUGUST TERM, 1841.

Hatfield
v.
Wallace.

at a sheriff's sale could not on the right acquired by such purchase maintain an action for a forcible detainer. We are left then to enquire whether such a right to land as his is liable to be sold on execution.

The 17th section of the act to regulate executions provides that "all the real estate whereof the defendant, or any person for his use, was seized in law or equity on the day of the rendition of the judgment, order, or decree whereon execution issued, or at any time thereafter, "shall be liable to be seized and sold upon such judgment, &c. See p. 256 of the digest of 1835. In 59th section, of the same act, the legislature express their will that "the term real estate as used in this act, shall be construed to include all estate and interest in lands, tenements, and hereditaments "

*An improvement on public lands is not subject to execution. It is not such an interest in land as is contemplated by the act regulating executions.*

In the case of Clark v. Shultz, (see 4th vol. of Missouri Dicisions, p. 235,) this kind of property is considered as no interest in the land, and a verbal sale may be made of it, notwithstanding the statute of frauds. It is true that where one intruder on the public lands is interrupted in his possession by another, the law gives him his action of forcible entry and detainer : See 28th section of the act concerning forcible entry and detainer, p. 281 of the digest : for the title is not looked into in that action, even if either party have a good one. See 25th section. p. 280. The legislature does not seem willing to take the possession of land from one man who is a trespasser on the United States, to give it to another who, by reserving such possession, would become equally with the other a trespasser. This will of the legislature seems to be signified in the provision that the defendant in the execution shall be seized in law or equity of the real estate which can be sold under execution. In my opinion, then, this right of possession of the public lands was not subject to be sold on execution, and even if it could have been rightfully sold, the purchaser could not have obtained the possession of it in this form of action And this being the opinion of the majority of the court, the judgment of the circuit court is affirmed.

*Scott, Judge.*

I am of opinion that an improvement on public lands cannot be sold under execution.