## G. W. RAGAN VS. J. J. HARRELL.

1. FORCIBLE ENTRY AND UNLAWFUL DETAINER: Code of 1871, § 1582.
The summary remedy to recover possession of land, where the entry is forcible, or the detention unlawful, is given by the Code of 1871, § 1582, which enlarges the prior statutes on the same subject, and extends the remedy by giving it to landlords, vendees, mortgagees, trustees, or other persons against whom the possession of lands is withheld by his tenant, vendor, grantor, or other person after the expiration of his right by contract, express or implied, to hold possession. The jurisdiction to enforce this summary remedy is conferred upon justices of the peace; and while the legislature did not confer upon justices of the peace the power to adjudicate title to real estate, yet the statute does confer upon them jurisdiction of cases where the right to possession is deduced from an exhibition of title.

ERROR to the Circuit Court of *Prentiss* County.

Hon. B. B. BOONE, Judge.

The opinion of the court contains a very full statement of the case.

Sundry errors are assigned, in substance as follows:

1. The court erred in dismissing the complaint.

2. In excluding the trust deed offered in evidence.

3. In excluding the deed made by the trustee.

4. In excluding the evidence of Burris, the real beneficiary in the trust deed.

5. In excluding proof of the execution of the deed.

6. In excluding proof of sale and conveyance.

7. In rendering judgment for defendant in error.

*Potter & Green*, for plaintiff in error:

Section 1582 of the Code expressly gives the right to bring action of forcible entry and unlawful detainer to landlords, vendors, mortgagees, trustees, *cestuis que trust*, and to other persons, and to the personal representatives or assigns of any of these, against their tenants, vendors (vendees?), mortgagors, grantors, and other persons claiming to hold under the party unlawfully detaining. The suit can be brought by any of these persons, or " by the legal representatives or *assigns* of him from whom possession is so withheld," against their "tenants," etc., after the expiration of their right by contract, express or implied, to hold possession.

This statute extends the remedy given by previous statutes. See Cummings *v.* Kilpatrick, 23 Miss., 106, and Burford *v.* Noland, 30 Miss., 427, where it was held that, to sustain this action, " the defendant must have entered into possession under the plaintiff."

Section 1582 of the Code extends to five classes, instead of to two, as under previous statutes, and, with seeming intent to embrace all classes who can bring themselves within the limitation of the law, it says " other persons," and then extends to the " legal representatives " or " assigns " of any one of these classes, and to " other persons " who may be within the mischief intended to be remedied.

There is a limitation imposed, however, on the right to bring this action, and it is that the person proceeded against must have had a " right by contract, express or implied, to hold possession," and whose right so to hold has *expired*, or it must be against a person claiming to hold under such a person.

The "contract" may be express or implied. It may be such a contract as exists by virtue of an ordinary mortgage or deed of trust. In such case the mortgagor or grantor may have the right by contract, express or implied, to hold possession until default made; upon such default the right to hold possession *expires*, and then he might be treated as a trespasser if he refuse to surrender possession. Loring *v.* Wills, 4 How., 388.

In a deed of trust this remedy exists in favor of the "trustee" or "*cestui que trust*," and of the "legal representatives" and "assigns" of either of them.

Manifestly a purchaser at a trust sale would be an assignee within the meaning of the statute, and entitled to bring this action. Hence it was error to exclude the evidence offered.

*Carraway & Mitchell*, for defendant in error:

This action involves the construction of the Code of 1871, § 1582. The 1st error assigned is the ruling of the court in excluding the deed of trust from A. J. & J. J. Harrell to B. & P. Selman, trustees, and Burris & Pearce, beneficiaries, as evidence. We contend that this ruling was correct, for the reasons:

1. That, while the trust deed might be very good evidence of title, it was no proof in an action of this nature. The proceeding of unlawful entry and detainer was intended as merely a possessory remedy. Title is not involved in it, nor can a party be permitted to deduce his right of possession from his right of property in the premises. Cummings *v.* Kilpatrick, 23 Miss., 106. But it is contended that unlawful detainer will lie wherever ejectment will lie, and that they have the right to introduce proof of title, and from the right of property to deduce the right of possession, as in ejectment. Although this question was settled in Cummings *v.* Kilpatrick, *supra*, this decision was rendered under Hutch. Code, pp. 813, 817, which we admit has been enlarged by the Code of 1871, which gives the right and remedy to a greater number of persons; but it does not alter or change the relationship which must exist to

enable the parties to maintain this action.    The defendant must
have entered into posession under the plaintiff, and must con-
tinue in possession in violation of the contract.    Burford *v.*
Noland, 30 Miss., 427.    In this case it is not contended that
Harrell went in under contract with Ragan.    There was no
contract between them.

2. As to the introduction of the deed from the trustee,
Selman, to Ragan; the purchaser, see 30 Miss., 427, *supra.*

TARBELL, J., delivered the opinion of the court.

This is a proceeding under § 1582 of the Code, authorizing
summary remedy for the recovery of possession of land in
cases of forcible entry or unlawful detainer.    Complaint was
made, and process on oath, as prescribed by statute.    There
was judgment for complainant before the magistrates, when
the defendant appealed to the circuit court, where there was
judgment for defendant on the following state of facts : Deed
of trust embracing the lands involved, to secure the sum of
money therein specified ; sale of the same lands under the deed
of trust ; purchase of those lands at such sale by the com-
plainant herein, and now plaintiff in error in this court ;
conveyance by the trustee to the said complainant on said sale.
The consideration of the deed of trust was the purchase money
of the land described, which land had been conveyed by com-
plainant to defendant, and the trust deed given by defendant
to secure payment of the purchase money.    These convey-
ances and facts were offered in evidence by the complainant,
but were excluded by the court.    Judgment necessarily
followed for the defendant.    Hence the case comes to this
court.    The several errors assigned to the action of the circuit
court involve simply the construction of the provision of the
Code above referred to, viz. :    "Any one deprived of the pos-
session of land by force and intimidation and fraud, or
stratagem or stealth, and any landlord, vendor (vendee?),
mortgagee, or trustee, or *cestui que trust*, or other person
against whom the possession of land is withheld by his tenant,

vendor, mortgagor, or grantor, or other person, after the expiration of his right by contract, express or implied, to hold possession, and the legal representatives or assigns of him who is so deprived of possession, or from whom possession is so withheld, as against him who so obtained possession, or withhold possession after the expiration of his right, and all claiming to hold under him, shall, at any time within three years after such deprivation or withholding of possession, be entitled to the summary remedy herein prescribed.''

This statute is certainly very broad, and the case at bar is literally within its terms. Upon the facts the complainant was entitled to the possession.

To this apparent right of immediate possession no defense was interposed save the point repeated here, that ejectment is the proper remedy, upon the ground that the case presented is not within the statute invoked. Strictly and within the manifest intent of this statute, title was not involved in the trial. The record exhibits no dispute on this branch of the case. And the complainant having brought himself within the letter of the statute, he was entitled to recover as the case is now presented. Beyond the brief analysis of the above statute, which follows, and a very few observations, it is not proposed at present to discuss the legislation herein invoked. It is clear that the Code of 1871 greatly enlarges prior statutes giving a summary remedy for the possession of lands. Former statutes providing this summary remedy in the cases designated (Hutch. Code, 813 ; Code of 1857, p. 349 ; Cummings v. Kilpatrick, 23 Miss., 106 ; Burford v. Noland, 30 ib., 427), are retained, and to these instances the remedy is granted by the present Code, in the additional cases named therein. As in prior statutes, the present Code provides this summary remedy in case both of a forcible entry, and of an unlawful detainer. In the latter case this remedy is given by the letter of the Code to landlord, vendee, mortgagee, trustee, or other person against whom the possession of land is withheld by his tenant, vendor (vendee?), mortgagor, or grantor, or other

person, after the expiration of his right by contract, express or implied, to hold possession, and to " the legal representatives or assigns of him who is so deprived of possession"— that is, by force, etc.—or from whom possession is so withheld—that is, by a tenant, vendor (vendee?), mortgagor, or grantor, or other person, after the expiration of his right by contract, express or implied, to hold possession. Again, the remedy is " against him who so obtained possession "—that is, by force, etc.—or who withheld possession after the expiration of his right, and all claiming to hold under him."

According to the letter of this statute, therefore, as before remarked, the complainant is literally within its provisions. It is difficult to comprehend the full scope of this legislation, and impossible to anticipate or define its practical workings. It is not supposed the legislature intended, or did in fact, by the statute involved, confer upon justices of the peace power to adjudicate title to real estate, yet this statute does plainly confer upon them jurisdiction of cases where the right to possession is deduced from an exhibition of title. The contestation of such title, either upon legal or equitable grounds, would present a problem not now under consideration, and, therefore, not discussed. The legislation of other states upon the subject under consideration has been looked into to some extent. In Indiana this remedy is allowed only where relation of landlord and tenant exists, while in Iowa it is extended beyond ancient rule, so as to give it—in the language of the Code of that state, 1873, p. 561, § 3611—where the defendant continues in possession after the sale, by foreclosure of a mortgage, or an execution, unless he claims by a title paramount to the lien by virtue of which the sale was made, or by title derived from the purchaser at the sale ; in either of which cases such title shall be clearly and concisely set forth in the defendant's pleading. This provision of the Iowa Code is suggestive, but whether our own statute requires further legislation, must depend upon time and experience, and the wisdom of the legis-

lature. We only hold that the precise case at bar is within the strict letter of our Code. The circuit court erred.

Judgment reversed.