### Eugene Wolfe *v.* Hallie Angevine et al.

Unlawful Detainer. *Privity.*

Owners of the reversion cannot, after the death of the tenant by the curtesy, maintain unlawful detainer against his lessee.

Error to the Circuit Court of Grenada County.

Hon. Sam Powel, Judge.

After the mother of the defendants in error died seised of the lot in controversy, her husband, their father, leased it to the plaintiff in error, and after the death of their father, before the expiration of the term, the defendants in error brought this unlawful detainer proceeding in 1879 to oust the tenant. In the Circuit Court, on appeal, they obtained a judgment for possession.

*G. Y. Freeman,* for the plaintiff in error.

The remedy of unlawful detainer, under the act of 1878, is inapplicable to this case. There was no privity between the plaintiffs and defendant. *Cummings* v. *Kilpatrick,* 23 Miss. 106; *Whitney* v. *Dart,* 117 Mass. 153; Taylor's Landlord and Tenant, § 64.

*C. L. Bates* and *W. C. McLean*, for the defendants in error.

The action was properly brought under the third section of the act of 1878 (Acts 1878, p. 172). Where the life-tenant demises the premises for a time longer than his term, his lessee is, in law, tenant to the reversioner, under whom he is considered as having entered. *Day* v. *Cochran*, 24 Miss. 261; *Griffin* v. *Sheffield*, 38 Miss. 359; *Moak* v. *Bryant*, 51 Miss. 560.

CAMPBELL, J., delivered the opinion of the court.

Unlawful detainer did not lie in the state of case disclosed by the record. There was no privity between the owners of the reversion and the lessee of the tenant by the curtesy. They acquired their inheritance by descent from their mother, and nothing, as to it, from their father. His death caused an accrual of their right to immediate enjoyment of their inheritance, which had been interrupted by his life-estate as tenant by the curtesy, but all their rights were derived by descent from their mother. It is true that it was announced in *Day* v. *Cochran*, 24 Miss. 261, and *Griffin* v. *Sheffield*, 38 Miss. 359, that the vendee of an estate by the curtesy, continuing to hold possession after its termination by the death of the tenant by the curtesy, is a tenant at sufferance of the holder of the legal title, so as not to be entitled to invoke the Statute of Limitations, and not to be allowed to acquire an outstanding title without first surrendering possession; but the extent of the principle on which these cases rest is that, the party being in by a lawful title, the law, which presumes no wrong, will suppose him to continue by right, and that his possession is permissive. It still remains true that a tenant at sufferance stands in no privity to the landlord, and that unlawful detainer does not apply to such a case as is here presented. *Cummings* v. *Kilpatrick*, 23 Miss. 106.

*Judgment reversed and cause remanded.*