### L. MARKS v. JOHN HOWARD ET AL.

UNLAWFUL DETAINER.  *Remedy.*  *Trust-deed.*  *Purchaser.*  *Code* 1880, § 2645.

> The purchaser of land at trustee's sale, under a trust-deed with power of
> sale on default, is entitled, as against the grantor, who withholds posses-
> sion, to maintain the action of unlawful entry and detainer provided by
> § 2645, code 1880.

FROM the circuit court of Quitman county.

HON. R. W. WILLIAMSON, Judge.

The appellees executed a trust-deed, conveying certain
land to a trustee, to secure an indebtedness to appellant,
Marks.  After default, the land was regularly advertised and
sold by a substituted trustee, and purchased by Marks, the
beneficiary.  Appellees refused to surrender possession, and
Marks brought this action of unlawful entry and detainer,
under § 2645, code 1880.  The trial in the justice court re-
sulted in a judgment for defendants, and plaintiff appealed
to the circuit court, which held that the remedy given by
said statute could not be invoked by the purchaser from the
trustee, and therefore a peremptory instruction was given for
defendants.  Judgment accordingly, and plaintiff appeals.

*St. John Waddell*, for appellant.

Section 2645, code 1880, is identical with § 1582, code 1871,
under which it has been held this remedy lies in favor of the
purchaser at trustee's sale, as against the grantor who with-
holds possession.  *Ragan* v. *Harrell*, 52 Miss., 818.

No counsel for appellee.

COOPER, J., delivered the opinion of the court.

The appellees are not represented in this court, but we
have carefully examined the record to discover any failure of
appellant to support his right to recover possession of the

land sued for, and find all the facts upon which that right rests clearly proved. We are advised by the brief of counsel for appellant that the court below was of opinion that a purchaser of land under a sale made by a trustee, in a conveyance to secure the payment of a debt, with power of sale in default of payment, could not recover possession of the land in this action, but must resort to an action of ejectment. This is an erroneous view of the law. The code provides, § 2645, that " any one deprived of the possession of land by force or intimidation or fraud or stratagem or stealth, and any landlord, vendor, mortgagee, or trustee, or *cestui que trust,* or other person against whom the possession of land is withheld, by his tenant, vendee, mortgagor, grantor, or other person, after the expiration of his right by contract, express or implied, to hold possession, and the legal representatives or assigns of him who is so deprived of possession, or from whom possession is so withheld, as against him who so obtained possession, or so withholds possession, after the expiration of his right, and all claiming to hold under him, shall, at any time within one year after such deprivation or withholding of possession, be entitled to the summary remedy herein prescribed."

The appellees had executed a deed of trust upon their lands, and, after forfeiture, their right of possession, as against the trustee, expired. The trustee thereafter had a right to invoke the summary remedy afforded by the statute to recover possession of the land. By the sale and conveyance this right, together with all other rights existing in the trustee, passed to the purchaser, who became the assignee of the trustee, holding in privity with such trustee, and, as such, entitled to maintain this action.

*Judgment reversed*