## J. K. GLENN *v.* W. H. CALDWELL ET AL.

UNLAWFUL DETAINER. *Purchaser at execution sale. Tenant of defendant in execution. Purchaser an assign. Code* 1892, § 4461.

Under § 4461, code 1892, a purchaser of land at execution sale may maintain the action of unlawful detainer against a tenant of the defendant in execution, who "withholds possession after the expiration of his right," the purchaser having become, by the act of the law, the "assign of him who is so deprived of possession, or from whom possession is so withheld."

FROM the circuit court of the second district of Panola county. HON. EUGENE JOHNSON, Judge.

Unlawful detainer by appellant against appellees, tenants in possession of one Lee Caldwell. The land in suit was sold under an execution in favor of appellant against said Caldwell, appellant becoming the purchaser on August 7, 1893. The sheriff did not execute a deed thereto until February 14, 1894. The unlawful detainer suit was instituted on November 14, 1894, less than a year subsequent to the execution of the deed, but more than one year subsequent to appellant's purchase at the sale. The land was incumbered with a deed of trust for a large amount at the time of the sale. The case, by consent, was tried by the court without a jury. Judgment for defendants, and appeal by plaintiff.

*Stone & Lowry,* for the appellant.

There can be no doubt about the right of a purchaser at execution sale to maintain an action of unlawful detainer against the defendant or those claiming under him as tenants. In *Cummings* v. *Kilpatric,* 23 Miss., 106, the right is clearly implied and recognized. Our statute is much broader now than it was then. Code 1892, § 4461. In *Ragan* v. *Harrell,* 52

Miss., 818, the argument and holding of the court is as applicable to a purchaser at execution sale as to one at a trustee's sale, who, the court held, could maintain this form of action. In the case at bar there is clearly privity between the parties, and it has been expressly held, on that ground, under a statute no broader than ours, that the purchaser at execution sale is entitled to the remedy. *Liss* v. *Wilcoxen*, 2 Col., 85. In several other states his right to maintain the action has been expressly affirmed. *Pensoneau* v. *Heinrich*, 54 Ill., 271; *Johnson* v. *Baker* (Ill.), 87 Am. Dec., 296; *Dortch* v. *Robinson*, 31 Ark., 296; *People* v. *McAdam*, 84 N. Y., 287. The states which hold the contrary have statutes requiring that plaintiff must have once been in possession, as in Missouri and Alabama.

*L. F. Rainwater*, for the appellees.

1. A purchaser at execution sale cannot maintain unlawful detainer, but must sue in ejectment. He does not belong to any of the classes to which that remedy is extended by § 4461, code 1892. The action is possessory, and does not involve title, and there must be "an expiration of the right by contract to hold possession." *Lobdell* v. *Mason*, 71 Miss., 937.

It is held that a purchaser at trustee's sale may avail of the remedy, but on the ground that the grantor's right of possession, as against the trustee, had expired. This was an expiration of right by contract to hold possession, and was within the statute. *Marks* v. *Howard*, 70 Miss., 445; the concluding part of *Cummings* v. *Kilpatrick*, 23 Miss., 106.

2. While the sheriff's deed was delivered to plaintiff within one year anterior to the institution of suit, plaintiff's purchase at the sale was more than one year prior thereto, and his right to the action was barred under the statute.

COOPER, C. J., delivered the opinion of the court.

The single question presented by this appeal is whether a purchaser of land at execution sale may maintain the action of

unlawful entry and detainer against the tenants of the defend-
ant in execution. The court below was of opinion that he
could not, and, on motion, dismissed the action.

We think he may. The statute, code of 1892, § 4461, pro-
vides that "anyone deprived of the possession of land by
force, intimidation, fraud, stratagem, stealth, and any land-
lord, vendor, vendee, mortgagee, or trustee, or *cestui que trust*,
or other person against whom the possession of land is with-
held, by his tenant, vendee, vendor, mortgagor, grantor, or
other person, after the expiration of his right by contract, ex-
press or implied, to hold possession, and the legal representa-
tives or assigns of him who is so deprived of possession, or
from whom possession is so withheld, as against him who so
obtained possession, or withholds possession after the expira-
tion of his right, and all persons claiming to hold under him,
shall, at any time within one year after such deprivation or
withholding of possession, be entitled to the summary remedy
herein prescribed."

The only inquiry involved is whether the purchaser at exe-
cution sale is an assign of the defendant in execution within
the meaning of the statute. It is of easy solution, and, we
think, free from doubt. Both the spirit of the statute and its
letter embrace such purchaser. At the common law, forcible
entry was an offense, and punishable as such. Our statute en-
larges the remedy by conferring upon the person whose posses-
sion is unlawfully invaded a summary action for the recovery
of possession, and this right is given not only to the original
owner, but to his legal representative or assigns. Another
class of persons, other than those who enter by force, fraud,
etc., are subjected to the action—namely, those whose entry is
lawful under a contract, express or implied, but who remain
in possession after expiration of their right to hold; and, as
against these, the right is given also to the original owner, his
legal representative or assigns. The statute views with equal
disfavor him who enters by force, fraud, stratagem, intimida-

·tion or stealth, and him who, entering lawfully under contract, refuses to redeliver possession according to that contract.

As against any person of the enumerated classes, we can perceive no reason why the language of the statute should receive a narrow and restricted construction.    Indeed, there is little room for construction; the words are plain and unambiguous. The word assigns ''comprehends all those who take immediately or remotely from or under an assignor, whether by conveyance, devise, descent, or act of law.''   Anderson's Law Dictionary, title Assign; *Baily* v. *DeCrespigny*, L. R., 4 Q. B., 186; *Brown* v. *Association*, 34 Minn., 547.

·  There is nothing in the context which limits the meaning of the word assigns to those who take under an assignment by contract as distinguished from those who take under an assignment by operation of law, for the right is given to the legal representatives and assigns, and legal representatives clearly mean those who take by operation of law.    But little light is afforded by reference to authorities from other states.    The right is a statutory one, and decisions construing statutes different from ours can serve but little purpose in considering our statute.

The question is whether our statute gives the right.    If the legislature had designed that the remedy should be limited to assigns by contract, it would have been a simple matter to have said so, but, instead of this, through three codes they have retained the word assigns, and this, in its legal significance, includes as well assigns by operation of law as those by contract.

*Judgment reversed and cause remanded.*


WHITFIELD, J., dissenting.

The statute of limitations did not begin to run until the sheriff's deed was made.    In this we all concur.    It is clearly settled by the following authorities: *Endicott* v. *Penny*, 14 Smed. & M., at p. 157; *Leach* v. *Koenig*, 55 Mo., at p. 453; *Young* v. *Withers*, 8 Dana (Ky.), at pp. 167, 168; *Johnson* v. *Baker*,

87 Am. Dec., at p. 296; *Strain* v. *Murphy*, 49 Mo., at p. 340; *People* v. *Mayhew*, 26 Cal., at pp. 659, 660; and *Anthony* v. *Wessel*, 9 Lee (Cal.), 103. But from the judgment of the court, holding that, under our statute (code 1892, § 4461), unlawful detainer can be maintained against the tenant of the defendant in execution, I dissent. The scheme of the statute is this: To provide a remedy for the recovery of the possession of land, where there has been either such a deprivation of possession, or withholding of possession, as is described in the statute. There are two evils to be remedied—"such deprivation and withholding of possession." The persons who may maintain the action to recover the possession of land wrongfully withheld are characterized as "any landlord, vendor, vendee, mortgagee, or trustee, or *cestui que* trust or other person against whom the possession of land is withheld by his tenant, vendee, vendor, mortgagee, grantor or other person, after the expiration of his right by contract, express or implied, to hold possession, and the legal representatives or assigns of him . . . from whom possession is so withheld." These persons all clearly fall within the category of those between whom a contract right to hold had subsisted. "Other person," of course, means other person *ejusdem generis* with those described —some "other person" between whom and another a contract right to hold possession had subsisted.

The legislature was intending, in this class, to name all persons between whom and others there had existed a contract right to hold possession, and, after enumerating many, for fear of omitting some, used the expression "other person" in the sense indicated. It is said, however, that the word "assigns" means assigns by operation of law as well as by contract. Doubtless the word, in the abstract, as defined in the dictionaries, legal or literary (Anderson or Webster), is comprehensive enough, in a secondary sense, to embrace both, but the primary meaning given by Webster is, "One appointed by another to enjoy some right or privilege or property." But,

with all deference, the legal significance of a word used in a statute is not to be found always, and sometimes not primarily, by ascertaining only what the word means in a dictionary. "The meaning of such words are best arrived at, in this connection, by a comparison of our statutes on this subject-matter and a reference to our decisions thereon. The context in which words stand, the subject-matter in the discussion of which they are used, are the primary tests." *Harris* v. *State*, 72 Miss., 964. It is a familiar rule of construction that the meaning of terms may be expanded or restricted by reference to the subject-matter. Endlich on the Interpretation of Statutes, sec. 518. The books abound with illustrations of this rule—as, in *Duncan* v. *Walker*, 2 Dall., 205, where the context and subject-matter required the words "legal representatives" to mean heirs or alienees. And, indeed, in this very statute, a striking illustration of this very rule is furnished, for, manifestly, "legal representatives" here mean heirs, as in *Card* v. *Card*, 39 N. Y., 323.

What, then, has been the course of legislation and decision in this state on this subject? At the common law there was no such civil remedy as forcible entry or unlawful detainer. These were offenses criminally punishable. Statutory law in this country advanced a step by giving the remedy at all. Our initial statute was that of June 18, 1822 (Hutch. Code, p. 813), and this practically remained unchanged up to and in the code of 1857 (page 349). Construing this statute in *Burford* v. *Nolan*, 30 Miss., 428, it was held that the purchaser at a trustee's sale could not maintain the action against the grantor in the deed in trust even, because it was said the defendant must have entered into possession under the plaintiff, and must continue so to hold possession in violation of the contract of the parties. Another step forward was needed, and it was taken in the legislation represented by § 1582 of the code of 1871, which expressly provides that the action may be maintained by the trustee or *cestui que trust* and his legal representatives or

assigns.    And so *Ragan* v. *Harrell*, 52 Miss., 818, and *Marks* v. *Howard*, 70 Miss., 445, held, on this statute, that the purchaser at such trustee's sale could maintain the action against the grantor, on the ground that the grantee's right to hold by contract (evidenced by the deed in trust) expired upon his default—expired as he had, by the deed, contracted it might expire—and he was therefore clearly holding over after the expiration of his right by contract to hold, and it may be said after the expiration of his right by contract with the purchaser at trustee's sale, for he agreed, by the trust deed, that, on default, the trustee shall sell and convey to the purchaser.    Such sale, and the consequent rights of the purchaser, arise, by agreement, out of the contract contained in the trust deed.    The judicial sale is *in invitum*.    It may be said in this connection that in Alabama (*Womack* v. *Powers*, 50 Ala., 5), Massachusetts (*Woodside* v. *Ridgeway*, 126 Mass., 293), and Missouri (*Hatfield* v. *Wallace*, 7 Mo., 112), the same rule was announced, on similar though not identical statutes, that had been announced in *Burford* v. *Nolan*, *supra*.

In 1878 (Laws, p. 172) another attempt was made to broaden the remedy, the third clause of section 1 of that act providing that "anyone entitled to the possession of any lands or tenements," etc., held "against the consent of the party so entitled after the expiration of his right so to hold against the consent of the party so entitled," etc., might maintain the action; and this act was relied on in *Wolfe* v. *Angevine*, 57 Miss., 767.    But the code of 1880, § 2645, identical with our present statute (§ 4461, code 1892), struck out this enlarging language of said clause 3, and again narrowed the remedy to its old scope, clearly put by Chalmers, J., in *McCorkle* v. *Yarrell*, 55 Miss., at page 577, where it is said that the action "lies only in the cases pointed out by statute, embracing cases only where [on this point] land is wrongfully withheld after the expiration of a term springing out of, or dependent upon, a contract, express or implied, between the parties or their privies."

Such, then, has been the course of legislation, and partially of decision. But it is said that in *Cummings* v. *Kilpatrick*, 23 Miss., at page 122, it is held that the action can be maintained against the tenant of the defendant in the execution, and there is a dictum to that effect. But both the cases cited in support of that dictum (*Haynes* v. *Adams*, 3 A. K. Marsh., at page 1037, and *Brubaker* v. *Poage*, 1 T. B. Mon., at page 125) were cases where there was a written agreement whereby the party in possession was constituted (thus by contract) the tenant of the plaintiff in the action, and afterwards held over after the expiration of his right so to hold under such contract—cases which do not touch the proposition under discussion.

*Rabe* v. *Fyler*, 10 Smed. & M., 441, is also relied on—a case often, from inattention to its facts, grossly misconceived. In that case Rabe had been in possession as tenant of the Agricultural Bank. The bank executed a trust deed to Fyler, one of the trusts being that, as trustee, he was to collect the rents of the land. Fyler at once saw Rabe, and explained the situation to him, and notified him that he must pay the rent to him (Fyler) thereafter. Rabe made no objection. On this state of case the court below gave this charge: "If the jury believe from the evidence that Rabe was the tenant of the bank, and the bank assigned the premises to Fyler, with authority to collect the rent, and Fyler gave Rabe notice of this assignment and authority, and he made no objection, the jury have a right to find that Rabe was tenant of Fyler." And that only was the precise point decided. And this is the exact construction put on this case in *Cummings* v. *Kilpatrick, supra*. It is also urged that the action could be maintained in *Pensoneau* v. *Heinrich*, 54 Ill., 271, but, at page 272, the court say the reason is that "the act of 1861 declared that the action might be maintained in all cases of the sale of lands under a judgment or decree of a court of this state." And see Rev. St. Ill. 1881, ch. 57. And so, also, *Dortch* v. *Robinson*, 31 Ark., at page 300, shows that the action is maintainable there, by ex-

press statute, and that, but for the statute (page 299), it would not be. And *Liss* v. *Wilcoxsen*, 2 Col., 88, so holds, because of express statutory provision. Gen. St. Col., §§ 1489, 1490. And these cases cited from other states, thus resting upon express statutory provisions alone, are, so far from supporting the contention of appellant, strongly against him, since it was only because of the statutes that the action could be in those states maintained, and we have no such statute. The logical deduction is that, therefore, it cannot be maintained here.

But it must be further noted that, under these decisions, the action was held maintainable not only against the tenant of the defendant in execution, where the lease is posterior to the judgment lien, but also against the defendant in execution himself. Now, not only does *Cummings* v. *Kilpatrick*, 23 Miss., 122, hold that it was not there maintainable against the defendant in execution, but my brethren perfectly agree with me that it is not, under § 4461 of the code of 1892, so maintainable against the defendant in execution. "Now, herein is a marvelous thing" —that the court holds that the action cannot be maintained against the defendant in execution, and yet that it may be against his tenant! That is, a larger measure of right is given against one who remotely holds under the defendant in execution than against the defendant directly. This is a palpable incongruity. Now, says Endlich (Interp. St., sec. 264): "The presumption against absurdity in the provisions of a legislative enactment is probably a more powerful guide to its construction than even the presumption against unreason, inconvenience or injustice." And, again (sec. 258): "General terms [as 'assigns'] should be so limited in their application as not to lead to . . . an absurd consequence." Now, when we look to see against whom the action may be brought, we find that it may be brought "against him who so withholds possession after the expiration of his right and all persons claiming to hold under him." "So withholds after the expiration of his

right " clearly means " after the expiration of his right by contract." And the only ground, under the statute, upon which the action is maintainable against a party in possession, other than the one who made the contract, is that such person in possession claims under the person who made the contract. Again, when it was desired to give the purchaser at tax sale the right to maintain the action, it was necessary to enact a statute (sec. 4461*a*); and, while it is true that such purchaser gets the foundation or paramount title, yet, is he not also an assign in the sense in which the court holds the purchaser at execution sale is ? And, if so, what need was there for section 4461*a* ? See, also, § 4250, code 1892.

It would seem, therefore, that this action, from time to time enlarged in its remedy by legislation, has yet always been judiciously held strictly within the precise limits expressly marked out for it by the statute. And there are many wise reasons why it should be so interpreted. It involves no question of title, and was not designed to supersede ejectment, but to provide a more speedy remedy, although its efficacy as a summary proceeding has been greatly impaired by the statute allowing to the defendant a suspensive appeal. *Spears* v. *McKay*, Walk. (Miss.), 265; *Loring* v. *Willis*, 4 How. (Miss.), 383; code 1892, § 4475.

Once more: If a purchaser at execution sale at law is an " assign," within the meaning of this statute, so must also be the purchaser, under a sale under a decree in equity, of land. And yet such last purchaser would obviously resort to his writ of a-sistance. If it had been the purpose of the legislature to make the defendant in execution, or his tenant after the judgment lien attached, subject to the action, nothing was easier or simpler than to have done so, and yet, through not three codes only, but throughout all the legislation of the state on the subject, no such provision has been placed in the statute. And it is well settled that the presumptions are against the " intent to

alter the existing law beyond the immediate scope and object of the enactment under construction.'' End. Interp. St., secs. 113, 127.

For all these reasons, and others it would be too tedious to elaborate, it is to me clear that the word ''assigns,'' in this statute, should, in view of our legislation and decisions, and the nature of the action, be held to mean only ''assigns by contract,'' and not by operation of law.