WHITE *et al. v.* HESDORFFER *et al.*

(Division A. Nov. 10, 1947.)

[32 So. (2d) 442. No. 36573.]

**D. C. McCool**, of Canton, for appellants.

**Powell & Powell**, of Canton, for appellees.

**Sydney Smith, C. J.,** delivered the opinion of the court.

A demurrer to a bill of complaint seeking a cancellation of a trustee's deed to land described in the bill was sustained, and the complainants declining to plead further, the bill was dismissed and the complainants appeal.

According to the bill and the exhibits thereto Alex White and his wife executed, in March 1931, their seven promissory notes to A. Hesdorffer and estate of Eugene Hesdorffer, deceased, secured by a deed of trust to W. H. Powell as trustee, on the land described in the bill of complaint. This deed of trust provided that "Should said W. H. Powell, from death or any other cause, fail, refuse or neglect to perform the duties of Trustee's as aforesaid, then the said A. Hesdorffer or his assigns is empowered to appoint in writing some one else in his stead, with all the powers herein conferred upon said W. H. Powell, Trustee."

In September 1936, M. B. Hesdorffer, who was the duly qualified executor of the estate of Albert Hesdorffer, deceased, executed the following instrument: "I, M. B. Hesdorffer, Executor of the Estate of Albert Hesdorffer, deceased, do hereby name constitute and appoint Robert H. Powell, Sr., Trustee in the place and stead of W. H. Powell, who has died, in that deed in trust executed by Alex White and Adaline White on March 16, 1931 and recorded in Book CQ on page 339, thereof in Chancery Clerk's office of Madison County, Mississippi, I, M. B. Hesdorffer being the owner of the indebtedness secured by said deed of trust."

In October 1936, Robert H. Powell, as substituted trustee in this deed of trust, after advertising the land described therein for sale, sold it at public outcry to Henrietta G. Hesdorffer, she being the highest bidder therefor. In September 1946, the appellants, the heirs of Alex White, who was then dead, filed this bill of complaint against Mrs. Henrietta G. Hesdorffer, Robert H. Powell, and several others, alleging that the sale of the land by

Robert H. Powell, trustee, to Mrs. Henrietta G. Hesdorffer was void for several reasons that will hereafter appear. Demurrers by the defendants to this bill of sale were sustained, and the bill was dismissed; hence this appeal.

In support of the demurrers filed to this bill of complaint, counsel for the appellant says, in substance, that the instrument by which Robert H. Powell was appointed as substituted trustee in this deed of trust, is void for several reasons: (1) That M. B. Hesdorffer was not an assign of A. Hesdorffer or Albert Hesdorffer, for the reason that an executor is not an assignee of his testator. (2) It does not appear that A. Hesdorffer, to whom the power of appointing a trustee in the place of W. H. Powell in the White-Hesdorffer deed of trust was given, and Albert Hesdorffer, who made the appointment of Robert H. Powell, are the same person, (3) nor that A. Hesdorffer is dead, or that he ever had an executor. (4) The instrument by which M. B. Hesdorffer made the appointment of Robert H. Powell discloses that Hesdorffer himself is owner of the debt secured by the deed of trust.

One to whom the title to property has been legally transferred is an assignee thereof, and the legal title to a testator's personal property vests on his death, by act of law, in his executor; therefore, an executor is by act of law an assignee of his testator, for, as this Court said in Glenn v. Caldwell, 74 Miss. 49, 20 So. 152, 153, quoting Anderson's Law Dictionary, the word ''assigns comprehends all those who take, immediately or remotely, from or under an assignor, whether by conveyance, devise, descent, or act of law.'' A person may be designated by either his full Christian or given name, or by the initial or first letter thereof, and his surname, so that the name A. Hesdorffer in this deed of trust, and Albert Hesdorffer in the instrument appointing Powell as substituted trustee therein, may properly designate the same person. There is no allegation in the bill of complaint that they do not, and the text of the instrument appointing Powell clearly indicates that its author based his authority to execute

it on this deed of trust, acted on the theory that he was an assign of A. Hesdorffer there mentioned and intended, as he had the right to do, by the use of the Christian name "Albert" to designate the A. Hesdorffer of the deed of trust. At all events, in the absence of evidence to the contrary, we must so hold.

If Albert Hesdorffer is the same person as A. Hesdorffer in the deed of trust, as we hold appears here prima facie, then it follows that he must be held to be dead, otherwise an executor would not have been appointed for his estate.

The recital in the instrument by which M. B. Hesdorffer appointed Robert H. Powell substituted trustee in this deed of trust that "I, M. B. Hesdorffer being the owner of the indebtedness secured by the said deed of trust," was in accord with the facts, for, as hereinbefore said, an executor has the legal title to his testator's personal property.

Affirmed.