JACKSON WARREN v. TRUSTEES OF AFRICAN BAPTIST CHURCH.

1. UNLAWFUL DETAINER — SPECIAL COURT. — The special court authorized by the statute has its duties, powers and jurisdiction defined and limited by the statute by which it is created, and when a final judgment is rendered in the case for which it is organized, the court is then dissolved. It has no jurisdiction to try any case except forcible entry and unlawful detainer. It has no power to grant a new trial, but may grant appeals when the party applying for the appeal conforms to the requirements of the law. The right to set aside a verdict and grant a new trial is incident to and inherent in all courts of original general common law jurisdiction, such as the circuit courts of this state. The power belongs to them independent of statute. The reverse is the rule as respects inferior and special courts.

---

---

2. SAME — APPEAL BOND — CASE IN JUDGMENT. — Where an appeal is taken from the special court and the bond is conditioned that the appellant "shall prosecute said appeal with effect, or in case of failure therein, shall pay and satisty the amount of said judgment according to the considerations of the said appellate court, and perform and satisfy its judgment," *held*, that this is not sufficient. The condition required by statute is "for the payment of the costs before the said justices, and of all costs that may accrue in the circuit court in case the appellant shall fail therein." "The appeal shall not operate as a supersedeas."

ERROR to the Circuit Court of Madison County. Hon. W. B. CUNNINGHAM, Judge.

The facts in the case are sufficiently set forth in the opinion of the court.

*Campbell and Calhoun*, for plaintiff in error.

The appeal was not taken in time. The appeal bond does not comply with the law literally nor substantially. Rev. Code 1857, p. 353; Rev. Code 1871, § 1594.

The special court organized to try unlawful detainer cases cannot entertain a motion for a new trial. The cause was tried by a jury, under the Code of 1857. The court is the mere creature of the statute, and has no power except that conferred upon it by the statute law of its creation, and that law is silent as to any power to hear motions for or grant new trials. See Rev. Code, 1857, p. 351. Mistrials are provided for, but not new trials. So much is the law bent on a *rapid summary* trial of the right of immediate possession, that it refuses *supersedeas* on appeal.

The power to grant new trials is not inherent in inferior courts. Hilliard on New Trials, ch. 1, sec. 2.

This court being convened for a special purpose, can make no record after final judgment. Busby v. Grayham, 26 Miss., 210.

*F. B. Pratt*, for defendant in error:

Records will be construed according to established rules of construction. "Courts will give a record such construction as will make it sensible and consistent, and not one which is wholly absurd." Henry v. Hoover, 6 S. & M., 418; Wooton v. Wingate, 6 S. & M., 274.

The court was not limited as to time in the trial of causes. "The court may adjourn from day to day, and from time to time, until the trial shall be ended." Code 1857, p. 351, art. 10.

We contend that the court *had* the power to grant a new trial in the cause, and that the motion was properly entertained, and that the cause was not determined and no final judgment rendered until the motion was disposed of.

The power to grant new trials is inherent in courts of law of general jurisdiction. The authority is not derived from statutes, but from the common law. Blackstone says : "The origin of the practice of granting new trials is concealed in the night of time." The year book gives instances of new trials being granted as early as 1351, and the practice has been followed to the present time by courts of law. Graham on New Trials. Hilliard on New Trials, pp. 1, 2, 3. And see also Bartling v. Jamison, 44 Mo., 141. It is inherent in courts of general jurisdiction, not given but regulated by statute. 12 Minn. Rep., 393 ; The State v. Hill, 48 Maine, 241.

It is now too late for plaintiff to object to the proceedings in the court of unlawful detainer, having acquiesced in the same at the time without objection, should now be estopped. Weaver v. Lasher, 1 Johnson (N. Y.), 241; Fiero v. Renolds, 20 Barbour, 276; Kelmor v. Sudam, 7 Johnson, 530; Barnes v. Badger, 41 Barbour, 101.

SIMRALL, J., delivered the opinion of the court.

Jackson Warren made oath that the trustees of the African Baptist Church detained from him certain premises, and thereupon the justice of the peace issued the summons, directed by the statute, on the 19th of July, 1871.

The transcript of the special court, composed of the magistrates and jury, filed in the circuit court, shows that this court was organized the 9th of August, 1871, and as the transcript states, on account of absence of witnesses, adjourned until Monday, *the 4th*

day of August. This must be a clerical error intended for the 14th, for the next entry is, "August 14th, 1871. Court met pursuant to adjournment." A jury was empaneled and the trial entered upon. Adjournments were made from day to day, until the 16th, when the jury failing to agree, they were discharged, and the court then adjourned until the second Monday in September, 1871.

The court again met on the day appointed, and because of the absence of witnesses, adjourned until the 25th. On that day the trial was begun, which terminated in a verdict and judgment for the plaintiff. The entry closes thus : " Motion for new trial filed by counsel for defendants ; ordered, that the court adjourn until court in course."

The last entry in this transcript is : "Nov. 27th, 1871. Court met pursuant to adjournment." " This cause coming on this day, to be heard on motion for new trial, * * * it is therefore considered that said plaintiff retain said property in controversy," * * etc. The defendants prayed an appeal on 28th November, which was granted on their entering into bond.

A motion was made in the circuit court to dismiss, because :

First. The appeal was not prayed and bond given within the time required by law.

Second. The bond is not conditioned according to law.

It is assigned for error here, that the circuit court erred in overruling that motion, and assuming jurisdiction to try the case.

The organization of the special court, and the mode of procedure and trial, is defined by statute. Code, 1857, pp. 349, 350, 351 to 354, inclusive. The 18th article gives an appeal to the circuit court, on the terms of executing the bond within five days after the rendition of the judgment.

If the trial terminated in the verdict and judgment on the 27th of September, the appeal prayed and granted in November, more than 60 days afterwards, was too late.

The transcript certified by the circuit court contains nothing

more touching the motion for a new trial, except what has been be-fore recited.   It seems to be conceded by counsel, however, that the transcript before us contains that motion, as made the 27th of September, and it is contended that the assembling of the justices on the 28th November, was for the purpose of disposing of it, and there was no final disposition of the cause until that day, and therefore the appeal was taken in time ; on the other side it is insisted that there was no power in the magistrates to entertain such a motion; that they ceased to have jurisdiction as a court after rendition of judgment on the verdict; and could not legally have adjourned to hear and determine the motion; and the record omits to show that they adjourned to the 27th of November, for that or any other purpose.   If these views are correct, it is further insisted that what was done on the last named day was "*corum non judice.*"

All the adjournments prior to that of September 27 were to a day certain, and accorded with the statute, allowing it "from day to day and from time to time."   That order recited, "until court in course."   This special court of the two justices of the peace, and jury, attended by the clerk and sheriff, is constituted under the statute, to try each separate case; and when that is ended, the court is dissolved.   It has no jurisdiction than to try the plaint of "forcible entry and detainer;" its modes of procedure are ex-pressly defined.   To ascertain what it may do, we refer to the statute.   That does not authorize the granting of a new trial.   It is presided over by magistrates, generally unlearned in the law, incompetent to guide and instruct the jury in complicated cases; and to determine with anything like accuracy, whether the result reached has been according to law.   They are not supposed to be conversant with the various considerations laid down in the books, as grounds for a new trial.   The "new trial," provided by the statute for the party aggrieved by the verdict and judgment is in the circuit court, to which the cause may be removed, for a trial *de novo* "on the merits."   Little is to be found in the books, on

the subject of granting new trials by courts of inferior and lim-
ited jurisdiction.    Probably for the reason that such courts have
seldom attempted to exercise such power.    The right to set aside
a verdict and award another trial, is incident to and inherent in all
courts of original general common law jurisdiction; such as the
circuit courts in this state.    The power belongs to them independ-
ently of statute.    The reverse is the rule as respects inferior and
special courts.    People v. Sessions of Chenange, 2 Caine's Ca., 319;
1 Hilliard on New Trials, 2; Bartling v. Jamison, 44 Mo. Rep.,
143–4.    We think there was no power in the two justices of the
peace, to entertain a motion for a new trial; and that if the cause
had been continued to a day certain for that purpose, their action
upon the motion would have been without warrant of law.

2. The condition of the appeal bond is that appellants, " shall
prosecute said appeal with effect, or in case of failure therein, shall
pay and satisfy the amount of said judgment according to the con-
sideration of said appellate court, and perform and satisfy its
judgment,"  *   *   etc.    The condition required by statute, art.
17, p. 353, Code of 1857, is " for the payment of the costs before
the said justices, and of all costs that may accrue in the circuit
court in case the appellant shall fail therein."    " The appeal shall
not operate as a *supersedeas.*"

The bond is conditioned as prescribed by law, for the removal
of causes into this court, but does not conform to the statute ap-
plicable to this special proceeding.    It is the statutory bond, exe-
cuted according to the terms of the law, and within the five days
after rendition of judgment, that gives jurisdiction to the circuit
court to entertain the case.    Busby v. Grayham, 26 Miss., 211.
This case is also authority on the point that the justice's court hav-
ing been convened for a special purpose, can make no record of
proceedings after final judgment.

The judgment of the circuit court is reversed, and judgment
here dismissing the cause.