GREEN McCORKLE *v.* SIMON YARRELL ET AL.

UNLAWFUL DETAINER.  *Will lie where.*
> M., having made an entry of land under the homestead laws of the United States, brought an action of unlawful detainer therefor, under section 1582 of the Code of 1871, against Y. and others, who were in possession of the same. *Held,* that such action lies only in the cases specified by the statute, and it does not embrace this case.

ERROR to the Circuit Court of Lauderdale County.
Hon. J. S. HAMM, Judge.

The case is stated in the opinion of the court.

*S. B. Watts,* for the plaintiff in error.

Did the plaintiff adopt the proper remedy? I maintain that it was his only remedy. The action is brought under section 1582 of the Code of 1871. That statute is very comprehensive. As said by the court in *Ragan* v. *Harrell,* 52 Miss., "It is difficult to comprehend the full scope of this legisla-

tion, and impossible to anticipate or define its practical workings.'' It may be contended that ejectment is the proper remedy, but the Legislature has given a more summary remedy in cases not involving the legal title. The plaintiff could not have made out a case in ejectment, because the legal title remains in the United States. The legal title could only be obtained by five years' residence and·cultivation, or by a purchase at the double-minimum price after six months' residence. I rely upon *Ragan* v. *Harrell*, 52 Miss. 818.

*W. G. Grace*, for the defendants in error.

The plaintiff was never in possession of the land, constructively or otherwise. He occupied no relation to the defendants, or to the land, that gives him the summary remedy provided by the statute. Code 1871, sec. 1582. The remedy of that statute is a summary and severe one, and can be used only in that class of cases specially mentioned in it. If the plaintiff had acquired a better title to the land than the defendants, his remedy was in ejectment.

CHALMERS, J., delivered the opinion of the court.

The plaintiff, having made entry of the land in question under the homestead laws of the United States (U. S. Rev. Stat., sec. 2290 *et seq.*), brought this action of unlawful detainer against defendants, whom he found in possession. It was properly decided against him. The action of forcible entry and unlawful detainer lies only in the cases pointed out by statute, and these embrace, speaking generally, cases only where possession has been obtained by force, fraud, or stealth, or is wrongfully withheld after the expiration of a term springing out of, or dependent upon, a contract, express or implied, between the parties or their privies. The parties by whom it may be maintained are clearly and specifically enumerated in section 1582 of the Code of 1871. This case does not fall within the statute.

Judgment affirmed.