## J. H. LEAVENWORTH v. O. B. CRITTENDEN.

1. UNLAWFUL DETAINER. *By State or its vendee. When right of action accrues.*
   After the expiration of the period of redemption of land sold to the State for taxes and the failure of the former owner to redeem the same, the State or its vendee has the right to bring the action of unlawful detainer to obtain possession of the land.

2. SAME. *By State's vendee. Compensation for use and occupation.*
   And the right of action thus acquired by a purchaser from the State entitles him to recover reasonable compensation for the use and occupation of the premises sued for, as provided in §§ 2653 and 2657 of the Code of 1880.

3. PRACTICE. *Proceedings in justice of the peace's court. Irregularities—when to be objected to.*
   Where a defendant appears in a justice of the peace's court, and then in the circuit court on appeal, and makes no objection to the proceedings in the case till after a judgment has been rendered against him in the circuit court, it is then too late for him to avail of mere irregularities in the proceedings in the justice's court.

4. SAME. *On appeal from justice of the peace's court. Irregularity in bond.*
   Where a bond, given on appeal from a justice of the peace's court, states the date of the judgment as subsequent to its own date, such irregularity may be cured, in the circuit court, by amendment, or, if required, by the giving of a new bond, under §§ 2658 and 2353 of the Code of 1880.

5. SAME. *On appeal from justice of the peace's court. Presumption as to regularity.*
   Where, upon appeal, the record of a case in a justice of the peace's court shows that the judgment was rendered several days after the return day of the summons, it is presumed, if nothing appears to the contrary, that the court met on the return-day and adjourned from day to day till the rendition of the judgment, as authorized by §§ 2651 and 2265 of the Code of 1880.

APPEAL from the Circuit Court of Washington County.

HON. J. B. CHRISMAN, Judge, specially presiding, by interchange with Hon. B. F. Trimble.

On the 6th of March, 1882, "Lots 9, 10, and 11 in Block 20 of the Huntington and Leavally addition to the town of Greenville," were sold to the State by the tax collector for the taxes of 1881. The former owner having failed to redeem them, they were, on the 7th of March, 1883, sold and conveyed by the auditor of public accounts to O. B. Crittenden. Soon thereafter Crittenden instituted an action of ejectment against W. H. Corburn to recover Lot 11, above described. The defendant therein attacked the plaintiff's tax-title on many grounds, relating to the assessment of the taxes, the mode of sale to the State, the list of lands sold to the State, and the auditor's deed to the plaintiff. That case was appealed to this court, and will be found reported in this volume at page 125, where all the objections referred to have been disposed of and the tax-title upheld.

On the 31st of March, 1883, Crittenden brought this action of unlawful detainer before a justice of the peace against J. H. Leavenworth, to obtain possession of Lots 9 and 10 above described. By successive appeals the case reached this court, the judgment appealed from was reversed, and the case was remanded to the circuit court for a new trial. See *infra, ante* 32.

When the case came up for a second trial in the circuit court a jury was waived, and it was submitted upon an agreed statement of facts, which contains, among others, substantially the following facts : The plaintiff has never been in possession of the property sued for, and the relation of landlord and tenant has never existed between the plaintiff, or the State, and the defendant. There are seven "frame structures without chimneys set upon small wooden blocks, not let into or fixed to the ground nor attached to the soil, except by the weight of each." These houses were not on the lots when the latter were assessed in 1879, "and said houses have never been assessed." Said houses are temporary structures, and can be easily moved without injury to the "land or soil." The defendant knew when he built the houses that the lots were situated on a

caving bank of the Mississippi River, and that it was caving toward the lots.

The judge rendered a judgment in favor of the plaintiff for the possession of the lots in controversy and for compensation for the use and occupation thereof by the defendant. Thereupon the defendant moved to dismiss the appeal from the court of the justice of the peace because of certain irregularities in the record of the proceedings in that court, the nature of which is stated in the opinion of the court. The motion was overruled, and the defendant then made a motion in arrest of the judgment, based upon the same grounds as relied upon in the motion to dismiss the appeal. This motion was also overruled, and the defendant appealed from the final judgment against him.

*S. H. King,* for the appellant.

This action has been brought too soon.

Never can the terms of § 538, Code 1880, " a purchaser of land at a sale for taxes," be applied to the purchaser from the State. If so, clearly this suit is brought too soon, as it was brought within a month or two from the date of such purchase from the State.

" Sales for taxes under our revenue laws are of two classes—one made by the collectors in the several counties for the taxes of a single year, etc. ; the other made by the auditor for all unpaid taxes, etc."

" A purchaser under either is a purchaser at a sale for taxes." *McLaran* v. *Moore & Co.,* 60 Miss. 383.

Can the purchaser of the tax-title under the agreed state of facts recover in this action for the use and occupation of the *houses?* The land sued for is worth nothing in the way of use and occupation. But for § 538, Code 1880, a purchaser at a tax-sale could not recover by action of unlawful detainer. "Any purchaser of land at a sale for taxes shall be entitled to bring the action of unlawful detainer for the recovery of possession of such land, etc." § 538, Code 1880. What was the statute prior to Code 1880 ? " That for the recovery of the possession and for use and occupation of the land, etc., the State or its vendee shall have the remedy of unlawful detainer, as provided in chapter 19, Code 1871." Acts

1878, p. 48, § 43. This whole law has been revised in the Code of 1880.

Unless the houses come within the definition of fixtures, they do not pass with a conveyance of land in any instance. At common law, before a chattel could become real estate by its annexation alone to the freehold, it had to be fastened to the real property by some mode more firm and stanch than the mere strength of its own weight. *Central Branch Railroad* v. *Fritz,* 27 Am. Rep. 170. In the more general sense of the term, fixture means any annexation or addition which has been affixed to or planted in the soil of the land. Ewell on Fixtures 2 and note.

*Frank Johnston,* on the same side.

The court of justices of the peace, created by statute for the trial of actions of unlawful entry and detainer, is a court of special and limited jurisdiction. In respect to courts of special jurisdiction, all the jurisdictional facts must appear or be shown by the record. *Cason* v. *Cason,* 2 George 578; *Cannon* v. *Cooper,* 10 George 784; *Scott* v. *Porter,* 44 Miss. 394.

If the record must show jurisdictionally the legality of its proceedings, then it appears as a fact that this special court did not meet on the 9th day of April; nor did it meet on any succeeding day until the 18th of April; nor is there anything of record to show any adjournment from day to day, and it cannot be assumed that a jurisdictional fact occurred, which the record should show. When it did meet it had no power to adjudicate the cause.

*W. P. & J. B. Harris,* on the same side.

The warrant which summons the associate justices does not " form " the special court, because it names no particular persons.

This special court is a court of record, and *ex vi termini* its organization—*i. e.,* " formation," as the warrant does not form it, its orders and judgments must be *recorded;* otherwise it must be assumed that they were never made. If the record shows no judgment it cannot be assumed, nor can it be proved by parol, that a judgment was ever rendered. We cannot place the fact of attendance on the day, and the formation of the court, below the "orders" and judgment in the scale of importance.

*Leroy Percy*, for the appellee.

1. The first point that appellant makes—viz., that the suit was prematurely brought, under § 538, Code 1880—is one of the precise points passed upon by this court on the former appeal of this case, and therefore I shall not argue it.

2. Opposing counsel argue that appellee is not entitled to rent or compensation for the use and occupation of the property, (1) because under the agreed state of facts the houses on the property are personalty, and appellee is not entitled to recover rent or compensation, etc., for them; (2) because under "unlawful detainer," brought in pursuance of § 538, Code 1880, the plaintiff is not entitled to recover rents or for use and occupation.

The consideration of the first reason involves a discussion of the much-vexed question of fixtures.

By the well-established maxim of the common law, the owner of land owns "*Cujus est solum ejus est usque ad cœlum*," and while in modern times there have been many relaxations in the rigidity of the old rule in favor of tenants between vendor and vendee, the strictest construction of it applies. 48 Miss. 1. Appellant can stand in a no more favorable attitude than a vendor of the land would. 40 Am. Dec. 658.

As to appellant's second ground, because under "unlawful detainer" brought under § 538, Code of 1880, one is not entitled to recover rents or for use and occupation, I shall only say the effect of § 538 is to give to the person falling within its provisions the right to bring the action of "unlawful detainer," and being given the right to the action he is entitled to it with all its incidents and advantages and with none of its benefits lopped off. Section 2653 of the Code of 1880 gives him the right to establish any amount as due for rents, etc.

3. As to appellant's motion in arrest of judgment or to dismiss the appeal, I submit that the reasons upon which said motion is based are without merit and trivial, that whether the case was proceeded with regularly or not could not avail appellant in the circuit court, even if he had made the objection at the proper time. 49 Miss. 620; 56 Miss. 677.

If appellant did not fancy the form of the bond he could at any time have asked the court to have required another, or could have made his objection, and appellee could have given another bond. Code 1880, §§ 2353 and 2658.

*William Griffin*, on the same side.

1. The counsel for the appellant bases the proposition that the suit was prematurely brought upon a misconception of the decision in this case at last term of this court, it being contended that the court only decided that the State and its vendee could bring the action of unlawful detainer, but omitted to pass upon the question of *time* altogether. Upon reference to the record and the decision rendered thereon, it will be seen that the same question was presented to the court.

2. The second proposition of appellant is that the houses on the lots in suit were personal property and did not pass to the appellee with the lots. If the view of the law governing this case taken by counsel for appellant is correct, then a principle almost as old as the law itself will have passed into oblivion.

"Land is the soil of the earth, and includes everything erected upon its surface or which is buried beneath it; it extends indefinitely upward, *usque ad cœlum*, and downward, *usque ad orcum*. Under the term land, therefore, are included the buildings under the doctrine of acquisition by production, as well as the minerals imbedded in the earth. A grant of *lands*, therefore, without any *qualification*, conveys not only the soil, but *everything else that is attached to it* or which constitutes a part of it, the *buildings*, mines, trees, growing crops, etc." The above quotation is taken from Tiedeman on Real Property — citing 2 Bla. Com. 17–19; Co. Litt. 49; 1 Wash. on Real Prop. 3 and 4, and Williams on Real Prop. 14; also numerous decisions in support of the text. See also *Harrell* v. *Miller*, 6 George 700.

3. The appellee derives his right to recover rents for the use and occupation of the premises sued for under § 2653, Code 1880, which does not restrict the appellee to any particular amount, nor is he required to lay damages in his pleadings, "but may, on the trial, claim and establish by evidence any amount due for

arrears of rent of the tenement, etc." The question of jurisdiction, therefore, does not apply. See § 2657, Code 1880, and 49 Miss. 620.

4. As to the motion to dismiss the appeal in the circuit court, I would say the facts in this case resemble somewhat those in *Rice* v. *Locke*, 59 Miss. 189. In that, as in this case, the record fails to state why the adjournment was made; and as decided in above case, the presumption is that there was a sufficient reason therefor.

The error of dating the bond or judgment is of too little importance to cause a reversal of the case.

ARNOLD, J., delivered the opinion of the court.

In a former appeal in this cause, it was decided that appellee, as vendee of the State for land sold for taxes, was entitled to bring the action of unlawful detainer to recover the possession of the same, as the State could have done. *Crittenden* v. *Leavenworth, ante* 32.

The suit was not prematurely brought. The State could have invoked the remedy as soon as the period allowed for the redemption of the land expired, and her vendee could do the same.

And the right to the remedy carried with it all the incidents and advantages of the remedy, including that of claiming and establishing reasonable compensation for the use and occupation of the premises. Code, §§ 2653, 2657. The proposition cannot be maintained that the houses on the lots were, under the facts agreed upon, mere chattels which did not pass with the freehold. Hare & Wallace's notes to *Elwes* v. *Mawe*, 2 Sm. L. C. 248, 250, 256, 261.

*Corburn* v. *Crittenden, ante* 125, upheld the validity of the assessment, and sale to the State, and purchase from the State, of a lot of land which was assessed, and sold to the State, and purchased from the State, at the same time with the lots in controversy in this suit, and that opinion disposes of objections now made on those points.

It is insisted that the proceedings in the justice's court were void, and that the appeal therefrom to the circuit court should have been dismissed, for the reasons that the writ was made returnable to the 9th day of April, 1883, while the judgment was rendered on the

18th, and the appeal-bond is dated the 17th and recites that the judgment was rendered on the 18th of April, 1883, etc. Appellant appeared in the justice's court and obtained judgment in his favor. He appeared in the circuit court, on appeal taken by appellee, where the cause was tried "anew on its merits," and made no objection to the proceedings until after judgment was rendered against him in the circuit court. It is too late now for him to complain of mere irregularities in the proceedings in the justice's court. *Rice* v. *Locke,* 59 Miss. 189.

But we find no serious defect in the proceedings. The date of the appeal-bond, and the recital therein as to the date of the judgment from which appeal was taken, did not affect the validity of the bond, the judgment, or the appeal. It was an irregularity which, if deemed important, might have been readily obviated in the circuit court by amendment, or a new appeal-bond if it had been required. Code, §§ 2658, 2353.

It is true that the judgment in the justice's court was not rendered until several days after the return day of the writ, but such court has express authority to adjourn from day to day and from time to time until the trial is ended, Code, §§ 2651, 2265, and it is not shown that this was not done.

*Affirmed.*