BLAKE & BOULDEN *v.* CHARLES McCRAY.

UNLAWFUL ENTRY AND DETAINER.  *Character of possession to sustain action Case in judgment.*

About the first of December, 1877, T. verbally leased to M. a lot, upon which the former was to erect a building suitable for a livery stable, the term of the lease being one year, to commence on January 1, 1888. A disagreement arose between them concerning this lease. On the 2d of January, T. leased the same premises to B. for a term, to commence on the 9th of January. Then M., while the stable was unfinished and being constructed, tied two horses therein, against the protest of the contractor for the building thereof; and in a few hours thereafter the horses were removed by some person unknown. On the 5th of January, B. was allowed by T. and the contractor to put horses in the stable. On the 7th of same month M. again tied some horses in the stable, and they were removed by an employee of the contractor. Thereupon M. brought an action of un-lawful entry and detainer against B. for the premises referred to. *Held,* that the scrambling possession obtained by M. is not sufficient to sustain his action.

APPEAL from the Circuit Court of Coahoma County.

HON. J. H. WYNN, Judge.

One H. A. Toney was the owner of a certain lot in the town of Clarksdale. There was a parol agreement entered into about the 1st of December, 1887, between him and Chas. McCray by which the former was to erect a livery stable on the lot, the same to be occupied by McCray for one year from and after Jan. 1, 1888. The stable was not complete and ready for delivery by the first of January, as expected. Some dispute arose between them as to the terms of the agreement, and on the 2d of

January, 1888, Toney leased the lot and stable to Blake & Boulden. McCray having heard of the lease on the day it was made, on the same day carried two horses to the stable referred to, it being still incomplete, and hitched them there against the protest of the contractor building the stable, who objected that the stable was unfinished and the horses would interfere with his work. The contractor claimed that the building was not to be delivered by him to Toney till completed and paid for by the latter. The horses were removed by some one unknown (though not by McCray), on the night of the day in which they were put in the stable. On the 5th of January, 1888, the contractor, upon an understanding with Toney, permitted Blake and Boulden to put some of their horses in the stable, though it was still unfinished, and the lease to Blake & Boulden was not to commence till the 9th of that month. On the 7th of the same month, McCray again took two horses and tied them in the stable, leaving them in charge of a boy. These horses were then removed by an employee of the contractor and the boy left of his own accord. Thereupon McCray brought this action of unlawful entry and detainer against Blake & Boulden. There was judgment in favor of the plaintiff in the court below. The defendants appealed.

*Cutrer & Cutrer*, for the appellants.

*Possession itself—a bona fide, peaceable, settled, open and undisputed possession*—is essential to the right of the plaintiff to maintain his action, and not a mere *right* or *claim* to possession. And this possession must not be a mere scrambling contest to throw the burden of legal proceedings upon a rival contestant; but it must have ripened into *actual occupation, continued and uninterrupted.* Unless the plaintiff can show such an actual occupancy, he has no right to a recovery. *Voll* v. *Butler*, 49 Cal., 75; *Wray* v. *Taylor*, 56 Ala , 188; *De Graw* v. *Prior*, 60 Mo., 56. Vide also, *Conroy* v. *Duane*, 45 Cal., 597; *Laird* v. *Waterford*, 50 Cal., 315; *Spiers* v. *Duane*, 54 Cal., 176; *Newton* v. *Doyle*, 38 Mich., 645; *Mann* v. *Brady*, 67 Ill., 95; *Edwards* v. *Cary*, 60 Mo., 572.

*Calhoon & Green*, for the appellee.

The principle governing the instructions was this: If the

lease to McCray was prior in time to Blake & Boulden's, and if McCray had entered peaceably under his lease, and was dispossessed by fraud or stratagem, by either the landlord or the second lessee, who was charged with notice by possession, then McCray should succeed. This was correct.

COOPER, C. J., delivered the opinion of the Court.

Under the uncontroverted circumstances developed by this record the possession of the plaintiff, secured in the manner stated by himself, was not sufficient to entitle him to this action.

It is immaterial whether under the parol lease he had a right to a term beginning on the first day of January, for that right was controverted by the owner, who was in possession of the premises. The plaintiff, for the unmistakable purpose of putting upon the owner the onus of evicting him, or of acquiring the right to a summary remedy in case he should be forcibly removed, resorted to the expedient of hitching a couple of horses in the unfinished stable as evidence and agencies of his " peaceable possession of " the premises. The authorities are numerous to the effect that a scrambling possession thus obtained is not sufficient to entitle the party to the action of unlawful entry and detainer.

3. Waits Actions and Defences, 37, where many of the cases are collected.          *Judgment reversed.*