JASPER M. TAYLOR *v.* HIRAM ORLANSKY.

[46 South., 50, 136.]

FORCIBLE ENTRY AND UNLAWFUL DETAINER. *Lessee never in possession.* *Code* 1906, § 5039.

A lessee who has never been in possession of the leased premises cannot maintain an action of forcible entry and unlawful detainer, under Code 1906, § 5039, governing such actions, against his lessor who denies him the right to enter.

FROM the circuit court of Sunflower county.

HON. SYDNEY M. SMITH, Judge.

Orlansky, appellee, was plaintiff in the court below, and Taylor, appellant, defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

Orlansky, plaintiff, sued Taylor, defendant, in an action of unlawful detainer for a part of a storehouse. Plaintiff based his right to possession on a contract in writing signed by himself and defendant, by the terms of which defendant agreed that within a reasonable time he would complete the unfinished building, and would then rent it to plaintiff. Plaintiff was never in possession of the building. The facts are further stated in the opinion of the court.

Code 1906, § 5039, referred to in the opinion, is as follows:

*"Unlawful Entry and Detainer; In what Cases a Remedy.*— Any one deprived of the possession of land by force, intimidation, fraud, stratagem, stealth, and any landlord, vendor, vendee, mortgagee, or trustee, or *cestui que trust,* or other person against whom the possession of land is withheld, by his tenant, vendee, vendor, mortgagor, grantor, or other person, after the expiration of his right by contract, express or implied, to hold possession, and the legal representatives or assigns of him who is so deprived of possession, or from whom possession is so withheld, as against him who so obtained possession, or withholds possession after the expiration of his right, and all persons claiming to hold under him, shall, at any time within one year after such deprivation or withholding of possession, be entitled to the summary remedy herein prescribed."

*Frank E. Everett,* for appellant.

Forcible entry and detainer will not lie where the lessee has never had possession of the premises. *McCorkle* v. *Yarrell,* 55 Miss., 576; *Owen* v. *Alliance,* 77 Miss., 500, 27 South., 383.

Before the plaintiff could legally maintain his action he must have had possession of the premises and must have then been deprived in some of the ways enumerated in the statute. *Owen* v. *Alliance, supra.* The statute requires that a plaintiff instituting proceedings under it must, at the time of the alleged unlawful entry, be in actual possession and occupation of the premises. Code 1906, § 5039. *Parker* v. *Eason,* 68 Miss., 290, 8 South., 844; *Young* v. *Barr,* 69 Miss., 879, 13 South., 816;

*Sproule* v. *A. & V. Railroad Co.,* 78 Miss., 88, 29 South., 163; *Blake* v. *McRay,* 65 Miss., 443, 4 South., 339; *Foster* v. *Kelly,* 84 Am. Dec., 676; *Wray* v. *Taylor,* 56 Ala., 188; *DeGraw* v. *Prior,* 60 Mo., 56; *Laird* v. *Waterford,* 50 Cal., 315; *Newton* v. *Doyle,* 38 Mich., 645; *Edwards* v. *Carey,* 60 Mo., 572; *Castro* v. *Trucksberry,* 69 Cal., 562; *Childress* v. *Blake,* 17 Tenn., 317; *Botts* v. *Magness,* 17 Col., 364; *Paden* v. *Gibbs,* 88 Miss., 274, 40 South., 871. And see generally the dissenting opinion of Whitfield, J., in *Glenn* v. *Caldwell,* 74 Miss., on p. 53, s. c., 20 South, 152.

*Johnson & Neil,* for appellee.

Our statute law in regard to unlawful entry and detainer is much broader in scope than the common law on the subject. It now provides for the acquiring of possession by those entitled to such possession, under a contract, and who are held out of possession in violation of the contract's terms. And where the right of possession has arisen by reason of a contract between the parties, a previous occupation is not a prerequisite to the institution of the action under the statute. *Spears* v. *McKay,* Walker (Miss.), 265; *Cummings* v. *Kilpatrick,* 23 Miss., 121.

In the case of *Glenn* v. *Caldwell,* 74 Miss., 49, 20 South., 152, the statute was held to apply to a purchaser under execution sale; and, though that case was earnestly litigated, it was never suggested, as a reason that Glenn could not maintain the action, that he had never been in possession of the land.

It is true that the word "lessee" does not appear in the statute, but a lessee is a "person against whom the possession of land is withheld by . . . other person, after expiration of his right by contract to hold possession." The term "grantor" in the statute is broad enough to include a lessor of a building. *Russell* v. *Watt,* 41 Miss., 609; 20 Cyc., 1362.

Whitfield, C. J., delivered the opinion of the court.

Taylor leased to Orlansky from the time of its completion the east room of a brick building in the town of Ruleville, Sun-

flower county, Miss. The lease was in writing, duly executed and signed in duplicate. The building was completed, and Taylor refused to deliver to the lessee the said east room according to his contract, but offered him in lieu thereof fifteen or twenty feet off of the front side of said east room. Orlansky brought an action of unlawful detainer under the statute to recover the possession of the room as was claimed.

The only ground which we will consider is that set out by the defendant, Taylor, that this form of action cannot be maintained in this case, because the lessee never had been in possession of the building himself, never had been deprived of the possession of the building in the language of the statute, nor had any one under whom he claimed been in possession. We think this defense is manifestly sound, and that this action cannot be maintained. See authorities cited in the brief of the learned counsel for appellant. Especially see *Sproule* v. *A. & V. Ry. Co.,* 78 Miss., 83, 29 South., 163, and *Blake & Boulden* v. *McCray,* 65 Miss., 443, 4 South., 339; and, generally, on the right to bring this action, the dissenting opinion in the case of *Glenn* v. *Caldwell,* 74 Miss., 49, 20 South., 152. We do not deem it necessary, in view of these authorities, to extend our observations.

The judgment is reversed, and the suit dismissed.

*Reversed.*

CALHOON and MAYES, JJ., especially concurring:

While subscribing to the conclusion reached in the case, still, in order to exclude any possible erroneous deduction we announce that we concur in the majority opinion of the court in *Glenn* v. *Caldwell,* 74 Miss., 49, 20 South., 152. That case, we think, was properly decided on its construction of the statute.

SUPPLEMENTAL PROCEEDINGS.

After the delivery of the opinions the counsel for the appellee filed an elaborate suggestion of error.

Whitfield, C. J., delivered the opinion of the court in response to the suggestion of error.

The trouble with the learned counsel filing the suggestion of error in this cause is that they carelessly read the opinion of the court and completely misconceived it. We said in that opinion that plaintiff could not maintain the action of unlawful detainer on the facts of the case, since he had never been deprived of the possession of the building, nor had any one under whom he claimed been in possession. This last clause of the opinion counsel seem entirely to have ignored in their suggestion of error, and yet it is the vital thing in the opinion.

The contention of counsel is simply that any one who has a right of possession by contract to a piece of land is entitled to bring this action of unlawful detainer under our statute. This is a manifest misconception. Counsel puts this illustration: "Suppose A., holding the legal title to a tract of land, makes a lease of the same to B. for ten years; C. at the time being in actual adverse possession of the land. B., having the right of possession, brings his action of ejectment against C., and obtains possession of the property. Does this court hold that, at the expiration of the ten-year lease which A. executed to B., A. could not bring his action of unlawful detainer against B. and obtain possession of the land, for the reason that he (A.) had never been in occupation of the same?" Most manifestly not; nor was there a solitary syllable in the opinion of this court from which any such inference could have been drawn. In the case stated by counsel, B. would become the tenant of A., having actual possession under A. when he recovered in ejectment, and, from that time on, B.'s possession is A.'s possession, and, of course, if B., having been put into possession thus under A., after the expiration of his contract withheld possession, A. could bring unlawful detainer. In such a case A. had the possession through his tenant, B., from the time of recovery in ejectment. We did not say in the opinion—no such thing was dreamed of—that a plaintiff in unlawful detainer

must himself once have had actual possession. We said that such plaintiff must himself once have had actual possession, or some person through whom he claims or some person holding for him must once have had actual possession. Surely counsel so eminent as those filing this suggestion of error ought to have seen and appreciated this simple statement of the law.

But counsel cite three cases in support of their contention: *Spears* v. *McKay,* Walk. 265, *Cummings* v. *Kilpatrick,* 23 Miss., 106, and *Rabe* v. *Fyler,* 10 Smed. & M., 441; 48 Am. Dec., 763. These authorities directly support the opinion of the court, and furnish not the slightest countenance to the contention of the appellee. In *Spears* v. *McKay* there was nothing involved or decided, as shown on page 266, top of the page, except that the court below had erred in excluding certain evidence offered by the plaintiff to show his right of possession. That is absolutely all decided by the court in the case. It might very well have been that this proffered evidence would have shown previous possession of the premises in the plaintiff, or in some one under whom he claimed, or in some one claiming for him. In *Cummings* v. *Kilpatrick,* the court expressly said, at page 119: "If it be conceded that the remedy provided is not limited to cases where the party in possession has originally entered under a title which gives only a temporary or defeasible estate, or where the relation between the plaintiff and defendant may be considered in law that of landlord and tenant, but that it was designed to apply to all cases where the plaintiff shall assert a right to the possession against the occupant of the premises, the remedy of unlawful detainer would be as broad and comprehensive as that by ejectment." And this rejected contention is precisely the contention of the counsel for appellee in this case. Again, the third paragraph of the syllabus in the case of *Cummings* v. *Kilpatrick* states the exact doctrine we set out in the opinion in this case. In *Rabe* v. *Fyler,* 10 Smed. & M., 441, 48 Am. Dec., 763, again it perfectly appears that the plaintiff had the right of possession

through his grantor, who was the landlord of the tenant. The court, in _Cummings_ v. _Kilpatrick,_ 23 Miss., 121, put this case on its true ground. It is there said: "In _Rabe_ v. _Fyler,_ proof was introduced showing that Rabe had held possession of the premises in controversy as tenant of the Agricultural Bank. Fyler was the grantee of the bank by a deed of conveyance constituting him a trustee for certain purposes, and as such had succeeded to the rights, and had taken the place, of Rabe's landlord. Hence the introduction of the deed to Fyler, in connection with proof of Rabe's attornment to him, was perfectly proper, under the circumstances; not, however, for the purpose of proving title in Fyler, and thence deducing his right of possession, but to establish the fact that the relation of landlord and tenant existed between them." Of course, Fyler derived his right to maintain this action as an assignee of the bank, which had leased the premises to the tenant, Rabe. All three of the cases cited by the counsel for appellee are conclusive against them.

We have said more than we intended to say, but we have done so out of deference to the great ability of the learned counsel for the appellee, who so singularly misconceived the statute and the decisions on the subject, as well as the true purport of our opinion.

The suggestion of error is _overruled._