WILLIAMS *v.* JOHNSON.

(Division A.   April 27, 1936.)

[167 So. 639.   No. 32221.]

**H. F. Case**, of Quitman, for appellant.

W. F. Latham, of Quitman, for appellee.

Argued orally by **H. F. Case**, for appellant, and by **W. F. Latham**, for appellee.

McGowen, J., delivered the opinion of the court.

This is an unlawful entry and detainer proceeding had before three justices of the peace, and is here on appeal from a final judgment of the circuit court of Clarke county awarding J. T. Johnson possession of a certain house and lot in the town of Quitman, Miss.

Appellee, J. T. Johnson, filed a petition before a justice of the peace against W. E. Williams, appellant, alleging that he withheld possession of certain lands, and upon a trial of the case in the unlawful entry and detainer court a judgment was entered by that court in favor of Williams, and the petition was dismissed. On appeal therefrom to the circuit court, at the conclusion of the evidence, the court granted to Johnson a peremptory instruction, and judgment was entered accordingly.

Appellant, Williams, urges here for reversal that the court below erred in refusing to dismiss the suit for want of jurisdiction, which motion was upon two grounds: (1) Because the appeal bond from the unlawful entry and detainer court named a less penalty than that provided for by statute; and (2) that there was no transcript of the proceedings of the lower court as required by law.

The court below held that the bond was insufficient, but permitted Johnson to amend same so as to comply with the statute, which was promptly done, and held further that the court had jurisdiction for reason that there was sufficient transcript of the record to comply with the requirements of the statute.

There was no error in the action of the court in permitting the appeal bond to be amended. The appeal bond from the unlawful entry and detainer court named a penalty of one hundred dollars. Section 63 of the Code of 1930 requires that an appeal bond in such cases shall not be less than two hundred dollars, and the court below permitted the bond to be thus amended, or a new bond filed; and section 74, Code of 1930, permits amend-

ments of or the execution of a new bond, where the bond is defective. Gaddis v. Palmer, 60 Miss. 758; Leavenworth v. Crittenden, 62 Miss. 573; James v. Woods, 65 Miss. 528, 5 So. 106; Denton v. Denton, 77 Miss. 375, 27 So. 383; Thorsen v. Illinois C. R. Co., 112 Miss. 139, 72 So. 879. The latter case refers to an appeal to the Supreme Court from the circuit court, but the principles involved are the same.

The record sent up to the circuit court by the justice of the peace, who presided over the unlawful entry and detainer court, contained the petition, process for the defendant and the two other justices of the peace, the plea of the defendant, motion for bond for costs, an entry which required the "defendant" to make bond in the sum of twenty-five dollars, the appeal bond to the circuit court for one hundred dollars approved by the justice of the peace on February 8, 1934, and judgment of the court in the case of J. T. Johnson v. W. E. Williams, No. 174, signed by Covington, Eddins, and McLeod, members of the unlawful entry and detainer court, to which was attached the following certificate:

"The State of Mississippi, County of Clarke.

"I, D. W. Covington, a justice of the peace in said county, certify that the foregoing is a copy of the record of the proceedings before me in the case stated therein, as appears on my docket. Given under my hand this the 8th day of Feb. A. D. 1934.

"D. W. Covington, Justice of the Peace."

The justice of the peace did not precede his record with the statement that it was a copy of the record of proceedings had before him in that case, as delineated in the first paragraph of section 65, Code of 1930; but, in our opinion, the certificate, together with the judgment and other papers, shows a sufficient and substantial compliance with the statute to confer jurisdiction on the circuit court on appeal thereto, as well as a substantial compliance with the requirements of the statute. We also think that the cases of Hughston v. Cornish, 59 Miss.

372; McPhail v. Blann (Miss.), 47 So. 666; Xydias v. Pellman, 121 Miss. 400, 83 So. 620; Ball v. Sledge, 82 Miss. 747, 35 So. 214, and many other cases, have no application where the essentials of the transcript are shown and certified to, especially the appeal bond, the judgment of the justice of the peace court, etc. We also think the case of Warren v. Trustees of African Baptist Church, 50 Miss. 223, has no application here, for the reason that there the appeal bond had been filed too late, and beyond the time allowed by the statute. Not so in the case at bar, where the bond was perfected and approved within two days after the rendition of the judgment.

The facts of the case show that Johnson, the landlord, claimed possession of the land involved because of the execution of a warranty deed to him by the Long Bell Lumber Company, reciting a cash consideration therefor, which deed was dated December 30, 1933. Johnson instituted these proceedings on January 30, 1934, and he had never been in actual possession of the land.

It is beyond dispute, from this record, that Williams went into possession of the lands by virtue of a written rental contract dated June 25, 1932, executed by him to the Long Bell Lumber Company, in which contract it was agreed that Williams was to pay a monthly rental of ten dollars, and to vacate the house and premises upon fifteen days' notice by the Long Bell Lumber Company. Pursuant to this written contract, the Long Bell Lumber Company, on October 3, 1933, served notice on Williams to vacate the premises and deliver possession thereof to it, unless he paid the rent in arrears on the 20th of October, 1933. It was stated in said notice that Williams owed Johnson one hundred forty dollars, being the sum due for fourteen months at ten dollars per month. On the trial Williams admitted that he had not paid the rent.

It is insisted that the appellee, Johnson, could not maintain this action because he had never been in pos-

session, and that therefore, under the statute, he was denied the remedy of unlawful entry and detainer, and in support of this contention, the appellant, Williams, cites the cases of McCorkle v. Yarrell, 55 Miss. 576, wherein this court held that the remedy was available only to those pointed out in the statute, and Owen v. Monroe County Alliance, 77 Miss. 500, 27 So. 383, in which this court denied relief by this remedy to one whose title to the land was only equitable and who had never been in possession.

It will be observed that this suit was instituted within six months after the Long Bell Lumber Company asserted its right, by written notice, against Williams for possession of the property, and within sixty days from the time the Long Bell Lumber Company conveyed the lands in controversy to Johnson. In McCorkle v. Yarrell, supra, this court said that a party claiming possession under a homestead entry is not entitled to this remedy against one already in possession. In Taylor v. Orlansky, 92 Miss. 761, 46 So. 50, 136, this court definitely held that the remedy applied in favor of one who claimed under a deed from a grantor who had been in possession, and in Glenn v. Caldwell, 74 Miss. 49, 20 So. 152, 153, this court very definitely settled the question here presented.

The statute creating and defining the remedy of unlawful entry and detainer is section 3456, Code of 1930, and, among other things, it grants possession to any landlord against whom possession of land has been, or is being, withheld by a tenant, and also to the landlord's legal representatives or assigns. Under the holding in Glenn v. Caldwell, supra, Johnson was an assign of the Long Bell Lumber Company. In this case the court said that: "As against any persons of the enumerated classes, we can perceive no reason why the language of the statute should receive a narrow and restricted construction. Indeed, there is little room for construction. The words are plain and unambiguous. The word 'assigns' 'com-

prehends all those who take, immediately or remotely, from or under an assignor, whether by conveyance, devise, descent, or act of law,' '' citing authorities.

It is next insisted that this suit was not brought within one year after Johnson, or his assignee, had been deprived of possession of the property. Williams insists here that this one-year statute began to run on July 25, 1932, the time Williams went into possession under the lease contract which was executed in favor of the Long Bell Lumber Company, by the tenant, Williams. It is not shown here upon what theory Williams undertakes to withhold possession of the lands from Johnson. Just what his claim is does not appear from this record.

The burden of proof was upon Williams to show when, if ever, his possession assumed an adverse character as to his landlord. Rabe v. Fyler, 10 Smedes & M. 440, 48 Am. Dec. 763. Under the contract, so far as this record discloses, there was no holding by Williams adverse to the Long Bell Lumber Company, or its successor in title, Johnson, until the written notice was served on Williams. The Long Bell Lumber Company had complied with the contract by giving the fifteen days' notice to terminate the contract. This notice was not served until October 3, 1933, and this suit was begun on January 30, 1934, within one year, so that the suit was brought within the twelve month period from the time of the service of the notice, which we hold to be the first time, in this record, that Williams is shown to have adversely withheld possession of the land. The lease contract required fifteen days' notice from the landlord, in order to put Williams in default and render his holding adverse to the landlord.

The only evidence offered by Williams was a lis pendens record showing that he and others had sued out an attachment in chancery against the Long Bell Lumber Company, on January 16, 1933, and had it levied upon this land. The appellant, Williams, cites no authority to sustain his position that this attachment suit would

entitle him to withhold possession of the lands from his landlord. Right of possession is entirely distinct from an attachment suit, and that suit conferred no sort of right on Williams to claim or withhold possession of the premises. The lis pendens constituted no defense to the unlawful entry and detainer action.

We find no error in this record, and the judgment of the court below will, therefore, be affirmed.

Affirmed.